MARIE W. ANDERSON, *et al.,* v. TOWER AMUSEMENT COMPANY, *et al.*

160 So. 523.
Division B.
Opinion Filed March 26, 1935.

*Sutton, Tillman & Reeves* and *Thomas H. Anderson,* for Appellants;

*Wilson & Boswell* and *Lennard O. Boynton,* for Appellees.

PER CURIAM.—The appeal here brings before us for re-

view an order of the Circuit Court in and for Polk County in the following language, to-wit:

"This day this cause came on to be heard upon the plaintiff's motion for a preliminary injunction, restraining the defendants in the above styled suit from interfering in anywise with the possession of M. C. Talley in and to the property described in the bill of complaint herein, and after due notice to the defendants, D. V. Marquis and the Tower Amusement, Inc., a Florida Corporation, said notice having been given to the above named defendants by telegram and also by mailing notice of intention to apply for preliminary injunction to the defendants; and at the time and place of the hearing mentioned in the said notice D. V. Marquis appeared in person and also as vice-president of the Tower Amusement, Inc., a corporation, together with C. A. Boswell, as attorney for the said D. V. Marquis, who objected verbally to the issuance of the preliminary injunction as prayed for in the bill of complaint, and after argument by counsel and the Court being fully advised in the premises It Is Accordingly Ordered, Adjudged and Decreed that the motion of the plaintiffs for a preliminary injunction be and the same is hereby denied.

"Done and Ordered in Chambers at Lakeland, Florida, this 28th day of January, A. D. 1935."

Pursuant to the filing of the transcript record, the appellees filed herein a confession of errors in the following language:

"Come Now the Defendants—Appellees— and confess that the Circuit Court of Polk County, Florida, did err in making and entering its Order dated the 28th day of January, A. D. 1935, and recorded in Chancery Order Book 76, page 314, denying the plaintiff's application for a temporary injunction, as prayed for in the Bill of Complaint,

and move that the Supreme Court of Florida immediately enters its reversal of the interlocutory decree appealed from and immediately refer the matter back to the Chancellor in the lower court for further proceedings.

"DATED this 27th day of February, A. D. 1935.

"L. O. BOYNTON,
"By C. A. BOSWELL, JR.,
"WILSON & BOSWELL,
*"Solicitors for Defendants-Appellees."*

Upon the filing of transcript here, appellants applied for, and were granted, a constitutional writ under Section 5, Article V, of the Constitution of Florida, whereby the appellees, their agents and servants, were enjoined from interfering with appellants' possession of the property and described in the bill of complaint and the right to possession of which was involved in and was the subject matter of this litigation pending the appeal in this case.

Thereafter, on March 4, 1935, appellants applied for rule *nisi* to be addressed to the appellee, D. V. Marquis, to show cause why he should not be adjudged in contempt of this Court. The rule was issued pursuant to application and made returnable at ten o'clock A. M. on March 12, 1935. On the return day answer was filed to the rule *nisi* in contempt. Amongst other things, the return shows:

"This respondent denies the matters set out and contained in paragraph four of said rule, but says that at the time and on the date of the application in lower court of Marie W. Anderson, *et al.*, for a writ of injunction against this respondent, *et al.*, the denial of which application being the order appealed from, and on the 16th day of February, A. D. 1935, when this Honorable Court entered this order of injunction and at all times since the institution of the suit of Marie W. Anderson, *et al.*, in the Circuit Court of Polk

County, Florida, this respondent as one of the defendants in a certain other cause of action pending in Polk County between M. C. Talley, *et al.*, against this respondent and others has been enjoined and restrained from molesting or interfering with the same identical property described in and involved in the foregoing cause of action and that in said Tally suit upon the joint asking of the complainants and defendants therein the said property in Polk County, Florida, involved in the above cause of action has been in the possession of a receiver, and this respondent, since the 26th day of November, 1934, has had absolutely no control over and has taken no possession of and has not interfered with any person's privileges in the property described in the above cause of action, having been barred therefrom by the Honorable Chancellor in the said Tally cause of action, the said cause of action finally resulting in a final decree entered by the Chancellor in the lower court on the 9th day of March, A. D. 1935, and to which cause of action and the entire record thereof reference is hereby made for the purpose of having the same considered in connection with this answer as a part of respondent's defense and prayed to be taken as a part hereof."

Certified copies of the orders and decrees referred to in the suit of M. C. Talley, *et al.*, against the respondent, *et al.*, were exhibited as a part of the return.

The sufficiency of the return being challenged by the appellants, the Court heard argument of counsel for the respective parties upon consideration of the sufficiency of the return.

The return shows that the property, the possession of which is the subject matter of the suit, was under the jurisdiction of the Circuit Court of Polk County, Florida, that court having assumed jurisdiction of the property in a suit

between other parties, some of whom are parties to this suit, and having appointed a Receiver to take charge of and hold possession of that property until the further order of the court, and shows that the possession and control of the property is not in the hands of the respondent, although the respondent is a party to that other suit in which the Receiver in possession was appointed. We hold the return sufficient and discharge the rule *nisi*.

The appellees, having confessed error on the record here and the Court having considered the record, we now hold that the order of the Circuit Court denying the temporary injunction which order, as shown by the record, was based entirely upon the question of sufficiency of the allegations of the bill of complaint, was error and that the order appealed from should be reversed for further proceedings in accordance with law and the rules of practice, and without prejudice to the appellees to answer or otherwise plead to the bill of complaint exhibited in the court below.

The case being now disposed of in this Court, the constitutional writ above referred to is now and hereby vacated.

So ordered.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.