MARIE W. ANDERSON, *et vir,* v. TOWER AMUSEMENT COMPANY and D. V. MARQUIS.

163 So. 11.
Opinion Filed August 28, 1935.
Petition for· Rehearing Denied September 12, 1935.

*Sutton, Tillman & Reeves* and *Thomas H. Anderson,* for Appellants;

*Wilson & Boswell* and *Lennard O. Boynton,* for Appellees.

BUFORD, J.—The record in this case shows that on the 25th day of January, 1934, Marie W. Anderson being the

owner of a certain building on certain described lots in the Town of Bartow, Polk County, Florida, joined by her husband, Robert H. Anderson, made and executed a lease to one B. E. Gore of the said building for a period of five years from the first day of April, 1934. The lease contained the following clause:

"It is also expressly understood that the said premises shall not be underlet or rented without the consent of the lessors in writing to the transfer of this lease under such underletting."

On the 19th day of October, 1934, Gore wrote to the plaintiffs a letter containing the following paragraph:

"I have completed deal for the Ernada Theatre in Bartow, the one Marquis had, and have formed a new corporation, The Tower Amusement Co., Inc., which now owns all the equipment and fixtures in both theatres, and I would like for you to mail me permission to assign the lease to said Corporation of which I am Pres."

To this communication it appears that Robert H. Anderson, acting for and on behalf of the lessors, replied as follows:

"I have your letter of the 19th for which I thank you. I have no objection to your making the assignment of the present lease to the Tower Amusement Company with the understanding, of course, that it does not relieve you of your individual responsibility for the performance of the lease. In other words, I am glad to co-operate with you in your new plan of handling your matters through the corporation but I do not think that I should be asked to give up your personal liability in the matter and I am sure that was not your intention."

Thereafter, on November 8, 1934, Gore wired the Andersons as follows:

"Please write letter authorizing me assign Bartow lease to Sparks Interests I also will remain responsible if you wish, Please leave letter with your stenographer will get you November check this week Thanks."

To which the Andersons replied:

"This will authorize you to assign the lease from Marie W. Anderson and Robert H. Anderson to you covering: 'The building on Lot Five (5) of J. C. C. Blount's Subdivision of Lots One (1) and Two (2) of Block Fourteen (14) of the Original Survey of the Town of Bartow, situated in Section Five (5) Township Thirty (30) South, Range Twenty-five (25) East,' to Sparks Interests or such corporation as it may designate but the assignment shall not relieve you of individual liability for the performance of the lease."

It appears that sometime in October, 1934, Gore signed what purported to be an assignment of the lease to Tower Amusement Company, a corporation. On the first day of November, 1934, Gore, joined by his wife, assigned the lease to one M. C. Talley as Trustee for a company to be incorporated and known as the "Bartow Theatres, Inc."

The record further shows that the Tower Amusement, Inc., sometimes called Tower Amusement Company was dominated and controlled by the defendant Marquis and that it was never the intention of the Andersons to consent to an assignment of the lease which would give Marquis the control of the property.

It is shown that Talley went into possession of the property under his assignment of lease and thereupon Tower Amusement, Inc., instituted proceedings for the purpose of attempting to remove Talley from the possession of plaintiffs' premises under the provisions of the laws of Florida

providing for the removal of persons from the possession of property when same is being unlawfully held.

The bill prayed a preliminary injunction restraining defendants, their agents and servants, from interfering in anywise with the possession of Talley in and to the property described and on final hearing that such injunction be made perpetual.

The appeal in this case brings for review order denying application for preliminary injunction made and entered by the Circuit Court of Polk County, Florida, on the 16th day of April, 1935. This is the second appearance of the case in this Court. See Anderson v. Tower Amusement Company, *et al.*, opinion filed March 26, 1935 (160 Sou. 523).

After the mandate of this Court went down the case again came on before the Chancellor for hearing on application for temporary injunction as prayed for in the bill of complaint. The defendants offered in opposition thereto the original answer filed to such bill of complaint and the amendment to such answer and an affidavit. The former opinion by this Court settled the law of the case as to two propositions: first, that under the allegations of the bill of complaint injunction was available to acquire the relief sought by the complainants; and, second, that the allegations of the bill of complaint unanswered were sufficient to require the issuance of a temporary restraining order.

Attached to the affidavit above referred to there is what purports to be an assignment of a lease. The purported assignment is not executed as required by Section 3887 R. G. S., 5660 C. G. L. and is, therefore, not a valid assignment of the lease.

As we construe the provisions of the original lease hereinbefore quoted, it required the formal consent in writing of the lessors to the lessee to authorize the lessee to transfer

or assign the lease. The language used is somewhat ambiguous, but it is clear enough to show that the intent of the parties was that the lessee should not underlet or rent the premises or transfer the lease without the written consent of the lessors. It also affirmatively appears that this was the construction placed on the lease by all of the parties to the lease. Therefore, they are all bound by that construction.

The order of the Chancellor denying application for temporary injunction appears to be based largely upon his finding as contained in his order as follows:

"And the Chancellor is of the opinion that under the provisions of said lease the Complainants, who are the lessors, have no right to prohibit the assignment of this lease in question."

It further appears in the Order that the Chancellor adjudged the purported assignment of lease from Gore to Tower Amusement Co., Inc., to be a valid assignment which we gather from the following language contained in the order:

"It appears to the Court, however, from the evidence here that the defendant, Tower Amusement Company, Inc., does have a validly executed assignment of the lease in question from the lessee therein named," * * *

We think that neither conclusion is supported by the record because we hold that under the terms of the lease an assignment thereof could only be made with the written consent of the lessors thereunto formerly given.

The record fails to show that such written consent was given by the lessors.

The record further shows that the purported lease from Gore to Tower Amusement Company, Inc., was not exe-

cuted as required by law and is, therefore, invalid to pass the interest which it purported to pass to the assignee.

With this view of the case it is necessary for us to reverse the order and remand the cause for further proceedings.

It is so ordered.

Reversed and remanded.

WHITFIELD, C. J., and TERRELL and DAVIS, J. J., concur.