Garner *v.* Girard Trust Bank et al., Appellants.

Argued November 20, 1970. Before BELL, C. J., JONES, COHEN, O'BRIEN and POMEROY, JJ.

reargument refused April 15, 1971.

*Franklin Poul,* with him *Judith R. Cohn,* and *Wolf, Block, Schorr & Solis-Cohen,* for appellants.

*Irving Marks,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, March 18, 1971:

Appellee, Fred H. Garner, was an employee of the Binswanger Corporation, which had created a profit-sharing pension trust for its employees. Each employee, including appellee, was given a brochure containing information and conditions of the plan. Under the terms of the trust, a member's interest became vested after two years of membership. However, any former member forfeited the unpaid vested interest if he entered "into competition with the Company, as determined by the Committee [appointed by the Board of Directors to administer the trust] in its sole discretion, within two years after his separation from employment and prior to reaching age 65." (§5.3) The individual appellants are the members of the committee ad-

ministering the trust. To insure that this noncompetition provision is enforced, there is another provision that if a member terminates his employment before he is sixty-five, "no payment shall be made until two years after termination of employment unless the Committee shall determine, in its sole discretion, that there is no substantial risk of such employees engaging in competition with the Company during such two year period." (§6.1)

Appellee was in the employ of Binswanger, a real estate firm, from May, 1954 to August, 1965. While in the employ of Binswanger, appellee was in charge of the office-leasing department in which capacity his duties were lease agreement renewals, relocation of tenants, spacing and tenant problems. Upon leaving Binswanger, appellee was sent a formal notice informing him of the state of his account in the trust and reminding him of the provisions of the plan, including the noncompetition provision. Nevertheless, on November 1, 1965, appellee became employed by Richard B. Herman Company, a real estate firm engaged in the rental and management of office buildings in center-city Philadelphia. Since that time, he has managed three buildings for Herman, performing the same general services which he had previously performed for Binswanger. It is admitted that Herman Company is in competition with Binswanger.

On September 11, 1967, appellee wrote to the individual appellants demanding his vested interest of $13,-365.82. The appellants met on September 19 and 20, 1967, and determined that appellee's interest in the trust had been forfeited because of his competitive activities. After appellee was notified by the company's lawyer, he brought suit in equity seeking a court order requiring the appellants to certify to the Girard Trust Bank, trustee of the plan, that he was entitled to $13,-

365.82 as his vested interest under the plan. The chancellor filed his adjudication and decree nisi in favor of the appellee, and after dismissal of their exceptions by the court en banc and entry of a final decree, the appellants brought this appeal.

The law is clear with regard to profit-sharing and pension plans. Even when the employee does not contribute to the plan, when he renders service to an employer who has such a plan in effect, he has a contractual right to enforce the plan according to its terms. Even though by the terms of the plan the committee had "sole and exclusive power and authority to interpret and construe the provisions of the Plan and to decide any disputes which may arise regarding the rights of employees thereunder" (§10.4), and the committee had "sole" discretion to determine a forfeiture under the noncompetition provision (§5.3), the committee's decisions are subject to judicial review to insure that they are exercised "in good faith and within the bounds of reasonable judgment." *Shore v. Bell Tel. Co. of Pa.,* 389 Pa. 445, 133 A. 2d 157 (1957), *Forrish v. Kennedy,* 377 Pa. 370, 105 A. 2d 67 (1954). However, a "chancellor does not have the authority to rewrite or amend a plan or make changes, in accordance with his own ideas, as to what is fair and equitable." *Reilly v. Walker Brothers,* 425 Pa. 1, 12, 229 A. 2d 457 (1967).

In our view, this is just what the chancellor did in the instant case. After repeating the axiom that "language in a contract will not be construed as a forfeiture (or penalty) unless no other construction is reasonably possible" *Shipley v. Pittsburgh & L. E. R. Co.,* 83 F. Supp. 722, 747 (1949, W.D. Pa. ), the chancellor concludes that the phrase "enters into competition" is vague with "no clear standards to guide the employee in determining his rights and obligations." Then, citing the proposition that: "[I]f one of [the interpreta-

tions] . . . makes [the contract] fair, customary, and such as prudent men would naturally execute, while the other makes it inequitable, unusual, or such as reasonable men would not likely enter into, the *construction which makes it rational and probable must be preferred."* (Emphasis the chancellor's.) *Consolidated Tile & Slate Co. v. Fox*, 410 Pa. 336, 339, 189 A. 2d 228 (1963), the chancellor concludes that "enter into competition" means to act in a manner commercially detrimental to his former employer. Next, the chancellor holds that even though upon four occasions former Binswanger tenants leased space in buildings which the appellee supervised for Herman, and even though Binswanger is admittedly in competition with Herman for new tenants, appellee was not "engaged in competition" with Binswanger as that phrase is used in the trust plan.

The chancellor relies on the case of *Siegel v. First Pennsylvania Banking and Trust Co.*, 201 F. Supp. 664 (1961, E.D. Pa.), to support his decision. In that case, the court was faced with a motion to dismiss a complaint which contended that an employee's rights under a pension plan had been arbitrarily terminated by a committee construing a provision calling for forfeiture upon a finding that a beneficiary had "intentionally done any other act materially inimical to the interests of the company." The complaint denied that the plaintiff's acts were "materially inimical." The court dismissed the motion for summary judgment holding that the plaintiff had the right to show that the facts surrounding his resignation and new job were such that the committee's findings were without a reasonable basis.

Here, the pertinent phrase is "enter into competition," a phrase much more readily capable of definition than the phrase "materially inimical" conduct.

Moreover, appellee does not deny that his new employer was in competition with Binswanger and that he was performing the same services for Herman as he was performing for Binswanger. It is hard to see how he can allege that the findings of the appellants are without a reasonable basis. We believe that the committee's determination that appellee's activities had caused him to forfeit his right in the pension plan was clearly reasonable.

The chancellor also emphasizes that the committee had previously deviated from the plan by paying other employees their vested interest before the required two-year period had elapsed. However, §6.1 of the plan specifically grants the committee such discretion: "If the member has not reached the age of 65, no payment shall be made until two years after termination of employment *unless the Committee shall determine, in its sole discretion, that there is no substantial risk of such employees engaging in competition with the Company during such two year period.*" (Emphasis added.) (§6.1) There is no evidence that the committee exercised this discretion arbitrarily.

*Russell v. Princeton Laboratories, Inc.,* 50 N.J. 30, 231 A. 2d 800 (1967), cited by the chancellor, does not change the result. In that case, the administrators of the plan acted arbitrarily when they refused to adopt the reasonable alternative construction which did not work a forfeiture. Here, however, there is no way to avoid the forfeiture except by totally eliminating the noncompetition provision of the plan.

Decree reversed. Each party to bear own costs.

Mr. Justice COHEN took no part in the decision of this case.

Mr. Justice EAGEN and Mr. Justice ROBERTS took no part in the consideration or decision of this case.