761 So.2d 1182 (2000)
Robert F. SEPE, Appellant,
v.
CITY OF SAFETY HARBOR, a Florida municipal corporation, Appellee.
No. 2D99-3311.
District Court of Appeal of Florida, Second District.
June 28, 2000.
*1183 Thomas K. Morrison and Bradley A. Tobin of Morrison & Mills, P.A., Tampa, for Appellant.
Lee Wm. Atkinson of Tew, Zinober, Barnes, Zimmet & Unice, Clearwater, for Appellee.
ALTENBERND, Acting Chief Judge.
Robert F. Sepe appeals a final summary judgment in favor of the City of Safety Harbor ("City"). He sued the City for breach of contract. We affirm the trial court's ruling as to all claims except those arising from the audit of Clearwater Gas.
Mr. Sepe entered into a contract with the City to perform audits of several utility companies to determine whether the utilities were paying all of the franchise fees and utility taxes due the City. Mr. Sepe agreed to do this work in exchange for a $1500 retainer for each review and a percentage of "all recovered franchise fee and/or utility tax underpayments."
In the contract, the City agreed that it "shall vigorously pursue, at the City's sole cost and expense, the recovery of underpayments identified by the [audits], using all reasonable means, including legal action, if necessary." Immediately following this clause, however, the contract states: "If the City in its sole discretion determines that vigorous pursuit of such recovery of underpayments is not a justifiable expense, the City shall not pursue such action."
Mr. Sepe located alleged underpayments from several utilities, including approximately $822,000 from Florida Power Corporation and $157,000 from Clearwater Gas. Following some negotiation, the City agreed to settle the claim with Florida Power Corporation for about $120,000. From our record, it does not appear that the City made any decision concerning the alleged underpayments from Clearwater Gas. Mr. Sepe argues that the City breached the contract because it failed to "vigorously pursue" the claim against Florida Power Corporation and totally failed to pursue the claim against Clearwater Gas.
The City argues that it has "sole discretion" not to pursue the action against either utility. It maintains that there is no implied covenant of good faith as to an obligation over which it has sole discretion. We disagree.
*1184 The implied covenant of good faith exists in virtually all contractual relationships. For example, this obligation exists in any agreement governed by the Uniform Commercial Code and cannot be disclaimed in such an agreement. See § 671.203, Fla. Stat. (1999).[1] Numerous cases arising in many varied contexts apply the implied duty of good faith and fair dealing to an obligation that is exercised with sole discretion.[2]
*1185 "[T]he implied covenant of good faith and fair dealing is designed to protect the contracting parties' reasonable expectations." Cox v. CSX Intermodal, Inc., 732 So.2d 1092, 1097 (Fla. 1st DCA 1999) (citing Scheck v. Burger King Corp., 798 F.Supp. 692, 693 n. 5 (S.D.Fla.1992)). As a result, the force of this obligation varies with the context in which it arises. The UCC, for example, while prohibiting a disclaimer of the obligation, permits the parties by agreement to "determine the standards by which the performance of such obligations is to be measured if such standards are not manifestly unreasonable." § 671.102(3).
The parties' expectations as to a responsibility that is exercised with "sole discretion" should "reasonably" be more limited than those for a responsibility that is exercised under a higher standard.[3] Nevertheless, sole discretion does not permit a party to make a discretionary decision that violates the covenant of good faith. Cf. Mesler v. Holly, 318 So.2d 530 (Fla. 2d DCA 1975) (holding grant of "absolute discretion" to trustee does not relieve trustee of duty of good faith); Cox, 732 So.2d at 1097-98 (holding where contract afforded party "substantial discretion to promote that party's self-interest," duty of good faith nevertheless applied); Local Union No. 52, Plumbers & Steamfitters Union v. Daniel of Ala., 479 F.2d 342, 343 (5th Cir.1973) (holding collective bargaining agreement giving employer sole discretion to discharge employee for failure to perform was subject to duty of good faith). Especially in this case, where the City's "sole discretion" relates to an obligation to "vigorously" pursue the claims, the reasonable commercial expectations protected by the covenant of good faith should cause the court to consider whether the party with sole discretion has abused its discretion in its assessment of costs and benefits. Unless no reasonable party in the position of the City would have made the same discretionary decision the City made, it seems unlikely that its decision would violate the covenant of good faith in this context. Cf. Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla.1980).
The trial court appears to have ruled in the alternativeeither that the implied duty of good faith did not apply to this contract and, thus, the City was entitled to judgment, or that the implied duty did apply but the City had satisfied this duty as a matter of law. We can affirm on only the second analysis. We have reviewed the documents filed in support of the motion for summary judgment and conclude that the City satisfied its burden to establish that it properly exercised its sole discretion in deciding to settle with Florida Power Corporation.
Although the city council did not obtain specific written estimates of the cost of litigation and its probabilities of success, its lawyers advised in favor of the settlement with Florida Power Corporation. Under the terms of the contract, Mr. Sepe's contingency fee is a percentage of gross recovery rather than net recovery. It is 50% of the first $200,000, plus 30% of *1186 the amount over $200,001. This hefty contingency fee, coupled with the sizable costs of such commercial litigation, made litigation a significant risk for a small municipality. In addition, the underpayments allegedly owed by Florida Power Corporation were not amounts collected by the company from its customers and held by the company. Rather, Florida Power Corporation had never collected these fees from its customers. Nothing in this record would support a claim that the council made a decision about "justifiable expense" other than in good faith. Thus, we affirm the claim for damages arising out of that settlement.
On the other hand, nothing in the record supports a determination that the city council ever made a decision that vigorous pursuit of recovery from Clearwater Gas was not a justifiable expense. It is not clear from the final judgment that the trial court intended to adjudicate this claim. Accordingly, we reverse the summary judgment as to the claim arising from the audit of Clearwater Gas.
Affirmed in part, reversed in part and remanded.
GREEN and CASANUEVA, JJ., Concur.
NOTES
[1] Section 671.102(3), Florida Statutes (1999) (Uniform Commercial Code: General Provisions), provides:

The effect of provisions of this code may be varied by agreement, except as otherwise provided in this code and except that the obligations of good faith, diligence, reasonableness and care prescribed by this code may not be disclaimed by agreement but the parties may by agreement determine the standards by which the performance of such obligations is to be measured if such standards are not manifestly unreasonable.
[2] See, e.g., Travellers Int'l, A.G. v. Trans World Airlines, Inc., 41 F.3d 1570, 1575 (2d Cir. 1994) (holding joint venture agreement that gave airline sole discretion to decide level of advertising for mass marketing of tours was subject to obligation of good faith); Tymshare, Inc. v. Covell, 727 F.2d 1145, 1153-54 (D.C.Cir.1984) (holding agreement that gave management sole discretion to increase sales quotas subject to covenant of good faith and fair dealing); Kohler v. Leslie Hindman, Inc., 80 F.3d 1181, 1188 (7th Cir.1996) (holding auction consignment contract with sole discretion in auction house to rescind sales was subject to duty of good faith under Illinois law); Oberbillig v. Bradley Mining Co., 372 F.2d 181, 184 (9th Cir.1967) (holding mineral grant vesting sole discretion in grantee to conduct mining operations was subject to duty of good faith); White Stone Partners, L.P. v. Piper Jaffray Cos., 978 F.Supp. 878, 882 (D.Minn.1997) (holding financing agreement giving "unfettered discretion" to one party to terminate agreement was subject to covenant of good faith and fair dealing under Minnesota law, where otherwise contract would be illusory); Hanley v. Trendway Corp., 953 F.Supp. 232, 236 (N.D.Ill.1996) (holding termination agreement that gave sole discretion to employer to approve posttermination commissions was subject to duty of good faith under Michigan law); deCiutiis v. Nynex Corp., 1996 WL 512150, at *3, 12 IER Cases 150 (S.D.N.Y.1996) (holding complaint sufficient to state cause of action for breach of implied covenant of good faith, where contract gave company "sole, exclusive and complete discretion" to decide whether to grant cash award for beneficial employee suggestions); A.I. Transp. v. Imperial Premium Fin., Inc., 862 F.Supp. 345, 348 (D.Utah 1994) (explaining where express term of contract gives sole discretion to one party, Utah law requires good faith and fair dealing); Trans-america Premier Ins. Co. v. K & S Constr., 850 F.Supp. 930, 934 (D.Colo.1994) (holding insurer did not breach duty of good faith by refusing to provide construction company with financial assistance where indemnity agreement vested insurer with sole discretion); Garner v. Girard Trust Bank, 442 Pa. 166, 275 A.2d 359, 361 (1971) (holding forfeiture that pension plan committee determined with sole discretion was subject to judicial review to insure good faith and reasonable judgment); Cook v. Zions First Nat'l Bank, 919 P.2d 56, 60 (Utah Ct.App.1996) (holding "sole discretion" clause in employment contract subject to implied duty of good faith); Olympus Hills Shopping Ctr. v. Smith's Food & Drug Ctrs., Inc., 889 P.2d 445, 450 (Utah Ct.App.1994) (holding commercial lessee must exercise sole discretion to operate any business in leased space reasonably and in good faith); Continental Mobile Tel. Co. v. Chicago SMSA Ltd. Partnership, 225 Ill. App.3d 317, 167 Ill.Dec. 554, 587 N.E.2d 1169, 1174 (1992) (holding cellular telephone wholesaler did not breach duty of good faith by raising rates where contract gave wholesaler sole discretion to raise rates at any time); Labovitz v. Dolan, 189 Ill.App.3d 403, 136 Ill.Dec. 780, 545 N.E.2d 304, 313 (1989) (holding general partner with sole discretion to distribute cash to limited partners owed duty of good faith to limited partners as fiduciary under partnership agreement); In re Estate of Nicholas, 177 Cal.App.3d 1071, 1087, 223 Cal.Rptr. 410 (1986) (holding testamentary trust that vested trustee with "absolute discretion" was subject to duty of good faith); Gilbert v. El Paso Co., 490 A.2d 1050, 1054-55 (Del.Ch.1984) (holding corporation did not breach duty of good faith under New Jersey Law by terminating tender offer, where contract gave corporation sole discretion to terminate if condition subsequent occurred); Schmidt v. Waterford Winery, Ltd., 177 Cal. App.2d 28, 32, 1 Cal.Rptr. 874 (1960) (holding wine pooling contract giving winery sole discretion as to when to sell wine implied duty of good faith); but see Riggs Nat'l Bank of Washington, D.C. v. Linch, 36 F.3d 370, 373 (4th Cir.1994) (holding implied duty of good faith could not override express promissory note provision that gave bank sole discretion to set interest rate and expressly stated variable interest rate would not necessarily be bank's lowest rate for other customers); Pytlik v. Professional Resources, Ltd., 887 F.2d 1371, 1378 (10th Cir.1989) (holding Oklahoma law did not recognize cause of action for breach of covenant of good faith for employer's termination of employees, where employment contract gave employer sole discretion to terminate).
[3] "The truth is that a party frequently contracts with the expectation that the other will be permitted to exploit his own self-interest to the extent that the contract does not expressly preclude such opportunistic behavior." Thomas Diamond & Howard Foss, Proposed Standards for Evaluating When the Covenant of Good Faith and Fair Dealing has Been Violated: a Framework for Resolving the Mystery, 47 Hastings L.J. 585, 633 n. 41 (1996). In this excellent article, the authors recognize that the judiciary has not provided predictable standards for resolving issues of good faith and suggest some useful standards for assessing issues of commercial reasonableness and dishonesty. See also Steven J. Burton, Breach of Contract and the Common Law Duty to Perform in Good Faith, 94 Harv. L.Rev. 369 (1980).