966 So.2d 1 (2007)
SPEEDWAY SUPERAMERICA, LLC, Appellant,
v.
TROPIC ENTERPRISES, INC., Sunoco, Inc. (R & M), and Mascot Petroleum Company, Inc., Appellees.
Sunoco, Inc. (R & M) and Mascot Petroleum Company, Inc., Appellants,
v.
Tropic Enterprises, Inc., and Speedway SuperAmerica, LLC, Appellees.
Nos. 2D05-2207, 2D05-2209.
District Court of Appeal of Florida, Second District.
April 20, 2007.
Rehearing Denied June 25, 2007.
Kenneth J. Plante of Roetzel & Andress, L.P.A., Tallahassee, and Clayton W. Crevasse of Roetzel & Andress, L.P.A., Fort Myers, for Speedway SuperAmerica, LLC.
Jennifer S. Eden and Deborah B. Ansbro of Gronek & Latham, LLP, Orlando, for Sunoco, Inc. (R & M) and Mascot Petroleum Co., Inc.
Christopher J. Greene of Brant, Abraham, Reiter, McCormick & Greene, P.A., Jacksonville, and David S. Maglich of Fergeson, Skipper, Shaw, Keyser, Baron *2 & Tirabassi, P.A., Sarasota, for Tropic Enterprises, Inc.
CANADY, Judge.
In this consolidated appeal, we consider a dispute arising from a landlord's refusal to grant consent to the assignment of a commercial lease. The trial court determined that the landlord, Tropic Enterprises, Inc., had an unfettered right under the lease to withhold its consent to the assignment of the lease made by the tenant, Speedway SuperAmerica, LLC, to the assignee, Sunoco, Inc. (R & M). Because we conclude that the trial court erred in making that determination, we reverse.
The order on appeal is an order directing the issuance of a writ of possession to Tropic, which is subject to interlocutory review as an order that determines "the right to immediate possession of property." Fla. R.App. P. 9.130(a)(3)(C)(ii). In reviewing this order we are required to consider the basis for the entry of the order. That basis is reflected in the trial court's order granting Tropic's motion for summary judgment.[1]
The trial court's order granting summary judgment to Tropic made the critical ruling that the assignment by Speedway to Sunoco was invalid because Tropic had refused to provide the written consent to the assignment of the lease, which was requested by Speedway. The trial court thus determined that the assignment constituted a breach of the lease by Speedway, that Tropic was entitled to regain possession of the leasehold property, and that Sunoco and its affiliate, Mascot Petroleum Company, Inc., were wrongfully in possession of the property.
In determining that Tropic had the unfettered right to deny its consent to the assignment of the lease, the trial court relied on the following provision of the lease:
Lessee shall not assign or transfer this lease, or any interest therein, without the prior written consent of Lessor, and a consent to an assignment shall not be deemed a consent to any subsequent assignment. Any such assignment without consent shall be void, and shall, at the option of the Lessor, terminate this lease.
Sunoco, Mascot, and Speedway argued to the trial court that Tropic's right of consent under this lease provision was not absolute but was subject to an implied obligation not to arbitrarily deny consent. In rejecting that argument, the trial court relied on the decision of the Florida Supreme Court in Anderson v. Tower Amusement Co., 120 Fla. 476, 163 So. 11 (1935). The trial court understood Tower Amusement to hold that a landlord cannot be subject to an implied duty not to arbitrarily deny consent to an assignment. The trial court concluded that since it was "undisputed" that Tropic "did not give written consent to the assignment of this lease," Tropic was entitled to judgment as a matter of law.
On appeal, Speedway, Sunoco, and Mascot contend that the trial court's reliance on Tower Amusement was misplaced and that because there were disputed issues of fact concerning the reasonableness of Tropic's denial of consent, summary judgment was not warranted. The correctness of the order on appeal turns on whether the trial court properly understood the decision in Tower Amusement.
*3 In Tower Amusement, the trial court rejected a claim for injunctive relief by the landlords against a purported assignee of the leasehold. The supreme court concluded that the trial court had erred because "under the terms of the lease an assignment thereof could only be made with the written consent of the lessors thereunto formally given" and the "record fail[ed] to show that such written consent was given by the lessors." 163 So. at 13. The court noted with respect to the lease provision concerning assignment that although "[t]he language used is somewhat ambiguous," "the construction placed on the lease by all of the parties to the lease" "was that the lessee should not underlet or rent the premises or transfer the lease without the written consent of the lessors." Id.
In Tower Amusement, no one argued that there was an implied obligation governing the exercise of the landlord's rights with respect to assignments. That issue was not presented to the court, and it was not decided by the court. The holding of Tower Amusement therefore does not address whether such an implied obligation might arise. "[N]o decision is authority on any question not raised and considered, although it may be involved in the facts of the case." State ex rel. Helseth v. Du Bose, 99 Fla. 812, 128 So. 4, 6 (1930); see also Twyman v. Roell, 123 Fla. 2, 166 So. 215, 217 (1936) ("To be of value as a precedent, the questions raised by the pleadings and adjudicated in the case cited as a precedent must be [o]n point with those presented in the case at bar."). Accordingly, the trial court's reliance on Tower Amusement was unjustified.
We have stated that "[t]he implied covenant of good faith exists in virtually all contractual relationships." Sepe v. City of Safety Harbor, 761 So.2d 1182, 1184 (Fla. 2d DCA 2000); see also County of Brevard v. Miorelli Eng'g, Inc., 703 So.2d 1049, 1050 (Fla.1997) ("`[E]very contract includes an implied covenant that the parties will perform in good faith.'" (quoting Champagne-Webber, Inc. v. City of Fort Lauderdale, 519 So.2d 696, 697 (Fla. 4th DCA 1988))); Restatement (Second) of Contracts § 205 (1981) ("Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement.").
Despite broad characterizations of the implied covenant of good faith, we have recognized that it "is a gap-filling default rule," which comes into play "when a question is not resolved by the terms of the contract or when one party has the power to make a discretionary decision without defined standards." Publix Super Markets, Inc. v. Wilder Corp. of Del., 876 So.2d 652, 654 (Fla. 2d DCA 2004). "[T]he implied covenant of good faith and fair dealing is designed to protect the contracting parties' reasonable expectations." Cox v. CSX Intermodal, Inc., 732 So.2d 1092, 1097 (Fla. 1st DCA 1999). "[W]here the terms of the contract afford a party substantial discretion to promote that party's self-interest, the duty to act in good faith nevertheless limits that party's ability to act capriciously to contravene the reasonable contractual expectations of the other party." Id. at 1097-98.[2]
*4 The implied obligation of good faith performance has been applied in the context of lease provisions requiring a landlord's consent to a tenant's assignment of a lease. In Fernandez v. Vazquez, 397 So.2d 1171, 1173-74 (Fla. 3d DCA 1981) (footnote omitted), the court recognized the "well-accepted concept that a lease is a contract and, as such, should be governed by the general contract principles of good faith and commercial reasonableness."[3]
The Fernandez court considered a commercial lease providing "that the lessee shall not assign the lease, nor sublet the premises[,] without the written consent of the lessor," id. at 1172, where the landlord refused consent to an assignment but offered to enter a new lease with the proposed assignee with an increased monthly rental. The court held:
[A] lessor may not arbitrarily refuse consent to an assignment of a commercial lease which provides . . . that a lessee shall not assign or sublease the premises without the written consent of the lessor. A withholding of consent to assign a lease, which fails the tests for good faith and commercial reasonableness, constitutes a breach of the lease agreement. Whether a landlord breached the lease by acting unreasonably in withholding consent of a commercial tenant is to be determined by a jury according to the facts of that case.
Id. at 1174 (footnote omitted); see also Restatement (Second) of Property: Landlord Tenant 15.2(2) (1977) (stating that "the landlord's consent to an alienation by the tenant cannot be withheld unreasonably, unless a freely negotiated provision in the lease gives the landlord an absolute right to withhold consent").
The Fernandez court went on to enumerate various factors that may be considered in determining whether the withholding of consent is arbitrary: "(a) financial responsibility of the proposed subtenant[,] (b) the `identity' or `business character' of the subtenant, i.e., suitability for the particular building, (c) the need for alteration of the premises, (d) the legality of the proposed use, and (e) the nature of the occupancy, i.e., office, factory, clinic, etc." 397 So.2d at 1174. Finally, the Fernandez court made this observation: "Denying consent solely on the basis of personal taste, convenience or sensibility or in order that the landlord may charge a higher rent than originally contracted for have been held arbitrary reasons failing the tests of good faith and reasonableness under commercial leases." Id.
In the instant case, the lease provision governing assignments simply requires the "prior written consent of Lessor" to any assignment. The provision *5 contains "no standards for exercising discretion" by the landlord. Wilder Corp. of Del., 876 So.2d at 655. Nor does the provision state that the landlord's discretion to withhold consent is absolute. The provision presents a circumstance in which "one party has the power to make a discretionary decision without defined standards," id. at 654, a circumstance in which a "covenant of good faith" will be "implied" to "protect[][the] contracting parties' reasonable commercial expectations," id. at 655. The trial court therefore erred in concluding that the lease granted Tropic the unfettered right to deny consent to the assignment by Speedway to Sunoco.
We therefore reverse the order on appeal and remand for further proceedings.
FULMER, C.J., and DAVIS, J., concur.
NOTES
[1] The fact that the order granting summary judgment is itself not an appealable order does not divest us of jurisdiction to consider an error in the summary judgment order that provided the basis for the order directing issuance of the writ of possession.
[2] When properly applied, the implied covenant of good faith gives effect to the reasonable expectations of the contracting parties. Application of the implied duty in a way that defeats the contractual terms agreed to by the contracting parties has been criticized:

Firms that have negotiated contracts are entitled to enforce them to the letter, even to the great discomfort of their trading partners, without being mulcted for lack of good faith[.] Although courts often refer to the obligation of good faith that exists in every contractual relation, this is not an invitation to the court to decide whether one party ought to have exercised privileges expressly reserved in the document. Good faith is a compact reference to an implied undertaking not to take opportunistic advantage in a way that could not have been contemplated at the time of drafting, and which therefore was not resolved explicitly by the parties. When the contract is silent, principles of good faith . . . fill the gap. They do not block use of terms that actually appear in the contract.
Kham & Nate's Shoes No. 2, Inc. v. First Bank of Whiting, 908 F.2d 1351, 1357 (7th Cir. 1990) (citations omitted); see also Barnes v. Burger King Corp., 932 F.Supp. 1420, 1438 (S.D.Fla.1996) (The implied covenant of good faith should not be invoked to override the express terms of the agreement between the parties.).
[3] Our decision in Natural Kitchen, Inc. v. American Transworld Corp., 449 So.2d 855, 858 (Fla. 2d DCA 1984), dealt with issues related to a landlord's refusal to consent to a lease assignment, but we specifically "noted that the unreasonableness of [the landlord] in refusing to consent to the assignment of the lease [was] not an issue on this appeal."