CIKLIN, J.
Cyrill Siewert (the “landlord”) appeals from a final judgment in favor of Gerard Casey (the “tenant”). The landlord sued the tenant for damages resulting from the tenant’s early termination of a residential lease. Following a non-jury trial, the trial court found that the landlord arbitrarily refused to allow a sublease of the property, despite a clause in the lease permitting a sublease with prior approval by the landlord. The trial court further found that because the landlord arbitrarily withheld consent, the tenant was no longer obligated to perform under the lease. On appeal, the landlord argues that the trial court’s final judgment was not supported by competent, substantial evidence. We disagree and affirm the final judgment.
On January 23, 2006, the parties entered into a residential lease agreement. The lease term was April 1, 2006 to September 30, 2007. The agreement contained a clause relating to assignments and subleases:
ASSIGNMENT. Tenant ... may not assign the lease or sublease all or any part of the Premises without first obtaining the Landlord’s written approval and consent to the assignment or sublease.
In June of 2006, the tenant notified the landlord of his intent to move back to New York at the end of the year. Extensive oral and written communications and negotiations occurred over the next six months with respect to a resolution of the situation. Ultimately, a sublease was not created. The tenant vacated the property in December of 2006 and stopped paying rent.
The landlord sued the tenant for unpaid rent, late payment charges, and unpaid utility charges.[1] The tenant counterclaimed, arguing that the landlord breached his duty to mitigate any harm he might suffer from the tenant’s premature termination of the lease.
A non-jury trial was held on June 29, 2010. The evidence consisted of the landlord’s and tenant’s testimony, the landlord’s realtor’s deposition testimony, and a *1116 handful of written communications between the landlord and the tenant.
In its final judgment, the trial court found that the landlord issued a blanket refusal to allow any sublease thereby excusing the tenant’s continued performance under the lease.
On appeal, the landlord only takes issue with the trial court’s factual findings. We review the trial court’s factual findings for competent, substantial evidence. See, e.g., Reimbursement Recovery, Inc. v. Indian River Mem’l Hosp., Inc., 22 So.3d 679, 682 (Fla. 4th DCA 2009) (“The standard of review applicable to the trial court’s factual findings is whether they are supported by competent, substantial evidence.”).[2] To this end, we find no error.
When a lease contains a boilerplate clause requiring the landlord’s consent for any proposed sublease—without specific standards governing the landlord’s approval—the landlord may not then arbitrarily withhold approval of a sublease. This stems from the implied covenant of good faith which “exists in virtually all contractual relationships.” Speedway SuperAmerica, LLC v. Tropic Enters., Inc., 966 So.2d 1, 3 (Fla. 2d DCA 2007). “The implied obligation of good faith performance has been applied in the context of lease provisions requiring a landlord’s consent to a tenant’s assignment of a lease.” Id. at 4; see also Fernandez v. Vazquez, 397 So.2d 1171 (Fla. 3d DCA 1981).
In the instant case, the sublease provision in the lease provided no standards which the landlord was to utilize in determining whether to approve or reject a sublease. Therefore, the implied obligation of good faith performance is applicable to the sublease provision at issue in this case.
The trial court concluded that the landlord refused to enter into any sublease. A landlord’s blanket refusal to consent to any sublease, when the lease provides that the landlord must give approval before a sublease can be created, is by definition unreasonable and therefore a violation of the covenant of good faith.
We recognize that some evidence was presented which conflicted with the notion that the landlord refused to enter into a sublease. However, it is well established that
It is the role of the finder of fact, whether a jury or a trial judge, to resolve conflicts in the evidence and to weigh the credibility of witnesses. Great deference is afforded the finder of fact because it has the first-hand opportunity to see and hear the witnesses testify.
Ferry v. Abrams, 679 So.2d 80, 81 (Fla. 5th DCA 1996). So long as competent, substantial evidence supports the trial court’s factual findings, we will not in essence offer a second trial on appeal by reweighing the evidence. Here, competent, substantial evidence supported the trial court’s conclusion that the landlord made a blanket refusal to enter into any sublease. Therefore, we affirm.

Affirmed.

GROSS and LEVINE, JJ., concur.

. Because the claimed damages exceeded $15,000, the case was heard in the circuit court. See, e.g., Haueter-Herranz v. Romero, 975 So.2d 511, 514 (Fla. 2d DCA 2008) (reviewing the threshold amount in controversy for county and circuit court cases).

. In his brief, the landlord intermittently uses the phrase "manifest weight of the evidence” to challenge the final judgment. However, that standard is a special one which applies to a trial court's decision to grant a new jury trial. See Brown v. Estate of Stuckey, 749 So.2d 490, 495 (Fla.1999) ("The trial judge's discretionary power to grant a new trial on the grounds that the verdict is contrary to the manifest weight of the evidence is the only check against a jury that has reached an unjust decision on the facts.”).