STEVENSON, J.
Appellants, Donald Harris and Sandra Harris (“Buyer”), appeal from a final judgment entered in favor of Appellees, T.C. Brown Investment Group, Inc., Thomas Brown and Sandra Brown (“Seller”). Because we find the evidence was insufficient to support a finding that Seller had complied with the terms of the Escrow Agreement, we reverse the judgment entered in favor of Seller, and remand for entry of judgment in favor of Buyer on Buyer’s counterclaim for breach of contract.
In March of 2008, Buyer and Seller entered into a Contract for Sale and Purchase (“Contract”) of a house located in Jensen Beach, Florida. Before closing, the parties received a survey which showed the house extended three inches over the property line. The three inches extended onto a common area owned by the Bay Tree Homeowners Association. This common area also fell under the jurisdiction of St. Lucie County pursuant to a Planned Unit Development (“P.U.D.”) agreement. Presumably concerned about the encroachment issue, the parties hand-wrote on the Contract the following statement: “This contract is contingent on buyers obtaining notification from St. Lucie County for compliance of addition of rear patio and balcony.”
To further address this encroachment issue, Buyer and Seller signed an Escrow Agreement. Paragraph 3 of the Escrow Agreement provided:
The Seller will have twelve months from the date of closing to obtain all necessary variances from St. Lucie County *463 and/or amendments to the P.U.D. Agreement and getting appropriate deeds, easements, licenses or agreement from the B.T. Homeowners Association, such that the property to wit: the two story dwelling as depicted on the survey, may remain in its current location, and such that a standard ALTA Owner’s Policy of Marketability can be issued without an exception for the encroachment.
The parties agreed to place $100,000, taken from the closing price, into an escrow account. This $100,000 was to be released to Seller if Seller provided the necessary documents, or released to Buyer if Seller failed to provide the necessary documents. Within a year, Seller obtained a perpetual easement from Bay Tree Homeowners Association; however, Seller never obtained official documentation from St. Lucie County which contained its approval of the encroachment. Based on this lack of documentation from St. Lucie County, the escrow agent never released the $100,000 to Seller. Seller subsequently filed a breach of contract claim against Buyer, while Buyer filed a breach of contract counterclaim against Seller. At trial, the court found in favor of Seller, finding Seller complied with the terms of the Escrow Agreement and finding Buyer was in breach of the Escrow Agreement.
We find the trial court’s final judgment was not supported by competent, substantial evidence because there was no evidence to support a conclusion that Seller had obtained “all necessary variances from St. Lucie County and/or amendments to the P.U.D. Agreement” such that St. Lucie County would allow the house to remain in its current location. See Siewert v. Casey, 80 So.3d 1114, 1116 (Fla. 4th DCA 2012) (“So long as competent, substantial evidence supports the trial court’s factual findings, we will not in essence offer a second trial on appeal by re-weighing the evidence.”). The sole government witness from St. Lucie County, Mark Satterlee, the Planning and Development Director, never testified that the house could remain in its current location. Satterlee testified that to resolve the issue, the County “offered” a minor replat and changing of the lot lines, but there was no evidence that this was ever done. Satterlee’s testimony simply implied that St. Lucie County would not get involved with an issue this minor as it had “a lot bigger fish to fry.” Nonetheless, the County’s present “bigger fish to fry” does not mean the encroachment would be acceptable to St. Lucie County at some time in the future. Without providing written documentation from St. Lucie County approving the encroachment, which was clearly contemplated under both the Contract and Escrow Agreement, Seller failed to comply with the terms of the Escrow Agreement.
Accordingly, we reverse the trial court’s judgment and remand for entry of judgment in favor of Buyer on Buyer’s counterclaim and for such further proceedings as necessary.

Reversed and remanded.

CIKLIN and KLINGENSMITH, JJ., concur.