per curiam:.
Appellant, David J. Williams, III (Williams), appeals an order granting appel-lee, Espirito Santo Bank of Florida (Espiri-to), a continuous writ of garnishment. We reverse.
After Espirito obtained a default judgment against Williams for failure to pay a note, the parties entered into a settlement agreement which provided for a payout schedule. The agreement did not contain any provision for garnishment. Williams, who supports three children, became unable to make the required payments, and the trial court granted Espirito’s motion for continuous writ of garnishment.
It is fundamental that garnishment statutes must be strictly construed. Robert C. Malt & Co. v. Colvin, 419 So.2d 745 (Fla. 4th DCA 1982); Scogin v. Scogin’s Inc., 287 So.2d 712 (Fla. 2d DCA 1974); Florida Power & Light Co. v. Crabtree Constr. Co., Inc., 283 So.2d 570 (Fla. 4th DCA 1973). Section 222.11(2)(b), Florida Statutes (1993), provides that the head of a family is exempt from garnishment of disposable earnings, unless a written agreement allowing garnishment is executed.
Strictly construing this statute, we find that Williams, as head of a family, is exempt because the terms of the settlement agreement do not qualify as a written agreement allowing garnishment. Thus, since the settlement agreement does not expressly contain a garnishment provision, and since Williams as the head of the family did not execute any other written agreement to have his wages garnished, the order for continuous writ of garnishment must be reversed.
Reversed.