876 So.2d 652 (2004)
PUBLIX SUPER MARKETS, INC., a Florida corporation, Appellant/Cross-Appellee,
v.
WILDER CORPORATION OF DELAWARE, a Delaware corporation, Appellee/Cross-Appellant.
No. 2D03-3690.
District Court of Appeal of Florida, Second District.
June 18, 2004.
*653 Edwin A. Scales, III, of Edwin A. Scales, III, P.A., Key West; Mark N. Miller of Gray Robinson, P.A., Lakeland; and Monterey Campbell, Lakeland, for Appellant/Cross-Appellee.
Stanley T. Padgett and Mark G. Morgan of Morgan, Padgett Law Group, P.A., Tampa, for Appellee/Cross-Appellant.
VILLANTI, Judge.
Wilder Corporation of Delaware (Wilder) sued Publix Super Markets, Inc. (Publix) for a declaratory judgment as to the meaning of the parties' reciprocal easement agreement. The circuit court construed the agreement in Wilder's favor. For reasons discussed below, we reverse.
Publix and Wilder are successors in interest to a 1974 reciprocal easement agreement between Pinellas Shopping Centers, Inc. (Pinellas), and Jenbank, Inc. (Jenbank), respectively. In the agreement, the parties conveyed nonexclusive easements to each other so that vehicles and pedestrians could have access into and out of the parking lots on the adjoining properties. The agreement also listed additional provisions as consideration. Both parties agreed to pay one dollar, to maintain the easements on their own properties, and not to use the easements in any manner that would unreasonably interfere with vehicle and pedestrian traffic. Jenbank also agreed to certain parking restrictions. Finally, in provision (d), Jenbank "further... agree[d] that at no time [would] it construct any improvements in the area located to the North of the Jenkins Building without the express written consent of Pinellas." Both Publix and Wilder agree that provision (d) is a restrictive covenant that runs with the land. The dispute in this case centers around its application.
In 2001, Wilder requested Publix's consent to allow development of an approximately 7900 square-foot building on the north parcel. Publix withheld consent for four reasons: building code concerns, inadequate parking, line of sight problems, and lack of approval from the city. Wilder then filed suit for declaratory judgment and, in another count, for damages arising from Publix's alleged breach of the agreement. Both parties moved for summary judgment. The circuit court sided with Wilder on the declaratory judgment count, concluding that Publix could withhold consent based on only ingress or egress concerns and that Publix had breached the agreement and the implied covenant of good faith by withholding consent for other reasons. To resolve the remaining issue of damages, there was a jury trial, resulting in a verdict in favor of Publix.
Restrictive covenants will be enforced if (1) they are unambiguous, (2) they are reasonable, and (3) the parties' intent is clear. Imperial Golf Club, Inc. v. Monaco, 752 So.2d 653, 654 (Fla. 2d DCA 2000).
Provision (d) is unambiguous because it is both clear and consistent with the agreement as a whole. Provision (d)'s plain and ordinary language expressly requires Wilder to obtain Publix's written consent for any improvements on the north parcel of Wilder's property. The words are not insensible or obscure. Provision (d) refers to "any improvements" on a specific piece of land and requires "express written consent." *654 Even in looking at the agreement as a whole, there are no contradictory or unclear terms. See Robins v. Walter, 670 So.2d 971, 974 (Fla. 1st DCA 1995) ("[W]hen interpreting covenants, one must look at the document as a whole to determine the intent of the parties.").
The trial court held that provision (d) is unambiguous but interpreted it as giving Publix a right to withhold consent based on only ingress or egress concerns. We disagree for four reasons. First, provision (d) is not located in the section establishing the reciprocal easement for ingress and egress. Instead, provision (d) is included in the section of "further agree[ments]." Second, provision (d) is not expressly limited by any other language in the agreement. Third, the express terms of provision (d) do not conflict with the other language in the agreement. The whereas clauses indicate that the parties contemplated further development and construction. Wilder can still further develop its property with Publix's consent. Finally, if provision (d) was merely a mechanism to enforce the vehicular and pedestrian easement rights, it would render provision (b) absolutely useless. In provision (b), the parties agreed not to "unreasonably interfere" with "vehicular and pedestrian traffic." If the trial court's interpretation was correct, then provisions (b) and (d) would serve the same function and would be redundant. Courts must "construe contracts in such a way as to give reasonable meaning to all provisions," rather than leaving part of the contract useless. Hardwick Props., Inc. v. Newbern, 711 So.2d 35, 40 (Fla. 1st DCA 1998); see also Paladyne Corp. v. Weindruch, 867 So.2d 630, 633 (Fla. 5th DCA 2004). The trial court's interpretation unnecessarily eviscerated the parties' original intent and effectively rewrote provision (d). This was error. We find that provision (d) unambiguously gives Publix the right to withhold consent for development on Wilder's land for reasons unrelated to ingress and egress.
Provision (d) also meets the reasonableness requirement of restrictive covenants. Although it gives Publix the discretion to withhold consent without defined standards, we can imply a reasonableness requirement. See Natural Kitchen, Inc. v. Am. Transworld Corp., 449 So.2d 855 (Fla. 2d DCA 1984) (imposing a reasonableness requirement in a case involving a landlord's right to consent to an assignment).
Finally, the parties' intent was clear. Pinellas and Jenbank expressly stated that provision (d) was "part of the consideration for the [reciprocal easement agreement]." Because provision (d) is unambiguous and reasonable and the parties' intent is clear, it should be enforced. See Imperial Golf Club, 752 So.2d at 654.
Therefore, we reverse the trial court's declaratory judgment that Publix could withhold consent based on only ingress and egress concerns. We also reverse the trial court's finding that Publix breached the agreement because it is based on an erroneous interpretation of provision (d).
The trial court's conclusion that Publix also breached the implied covenant of good faith is likewise based on an erroneous interpretation of provision (d) and therefore will not support a summary judgment against Publix. Florida's implied covenant of good faith and fair dealing is a gap-filling default rule. It is usually raised when a question is not resolved by the terms of the contract or when one party has the power to make a discretionary decision without defined standards. See Sepe v. City of Safety Harbor, 761 So.2d 1182, 1185 (Fla. 2d DCA 2000) (stating "where contract afforded party `substantial discretion to promote that party's self-interest,' [the] duty of good faith ... applied") (quoting Cox v. CSX Intermodal, *655 Inc., 732 So.2d 1092, 1097-98 (Fla. 1st DCA 1999)). Where there are no standards for exercising discretion, the implied covenant of good faith protects contracting parties' reasonable commercial expectations. Id. "Unless no reasonable party in the position of [Publix] would have made the same discretionary decision [Publix] made, it seems unlikely that its decision would violate the covenant of good faith...." Id. As discussed above, Publix had the discretion to refuse consent to Wilder's improvements. It refused because of inadequate parking, among other concerns. It presented unrefuted evidence of the number of parking spaces and the number of spaces required by the building code  revealing that parking was already inadequate. In the face of this unrefuted evidence, Publix's refusal was commercially reasonable and not arbitrary and thus did not constitute a breach of good faith, as a matter of law.
We therefore reverse the circuit court's ruling on the declaratory judgment count and remand for entry of judgment in favor of Publix. We dismiss Wilder's cross-appeal as moot.
Reversed and remanded.
NORTHCUTT and SALCINES, JJ., Concur.