Matthew **BECK, Jeff Holden, Aimee Polanco, and Debbie Mozer individuals, on their own behalf and on behalf of others similarly situated, Plaintiffs,**

v.

**BOCE GROUP, L.C., d/b/a Nexxt Cafe, a Florida Corporation, Bo Unur, an individual, Nur Ozuyilmaz, an individual, Sedat Onur, an individual, Jim Onur, an individual, and Presidion Solutions, Inc., a Florida Corporation, Defendants.**

Nos. 04–20683–CIV, 04–20683–CIV.

United States District Court, S.D. Florida, Miami Division.

Sept. 13, 2005.

Frank Henry, Esq., Neil McGuinness, Esq., Miami, FL, for Plaintiffs.

Patrick G. DeBlasio, III, Esq., Deborah Frimmel, Esq., Jackson Lewis LLP, Miami, FL, for Defendant Presidion Solutions, Inc.

*ORDER GRANTING DEFENDANT PRESIDION SOLUTIONS, INC'S MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT ON COUNT IV OF PLAINTIFFS' SECOND AMENDED COMPLAINT*

COOKE, District Judge.

THIS MATTER is before the Court upon Defendant Presidion Solutions, Inc's Motion to Dismiss or in the Alternative Motion for Summary Judgment on Count IV of Plaintiffs' Second Amended Complaint (DE 254), filed August 5, 2005. For the reasons set forth below, Defendant Presidion Solutions, Inc's Motion to Dismiss or in the Alternative Motion for Summary Judgment on Count IV of Plaintiffs' Second Amended Complaint is hereby GRANTED.

## I. *Introduction*

On March 23, 2004, the Plaintiffs Matthew Beck, Jeff Holden, Aimee Polanco, and Debbie Mozer on their own behalf and on behalf of others similarly situated (hereinafter "Plaintiffs") filed suit against the Defendants Boce Group, L.C., Bo Onur, Nur Ozuyilmaz, Sedat Onur, Jim Onur, and Presidion Solutions, Inc. in this suit the Plaintiffs allege that the Defendants (Boce Group, L.C., Bo Onur, Nur Ozuyilmaz, Sedat Onur, and Jim Onur) failed to comply with the FLSA's requirements concerning minimum wage, overtime compensation, and discrimination and retaliation. Further, the Plaintiffs allege that Defendant Presidion Solutions, Inc. committed a breach of contract by failing or refusing to pay wages owed to Plaintiffs and others similarly situated. Defendant Presidion Solutions, Inc. has since filed a Motion to Dismiss or in the Alternative Motion for Summary Judgment on Count IV of Plaintiffs' Second Amended Complaint. This Motion is the subject of the present summary judgment order.

## II. *Procedural History*

The Plaintiffs' filed an Amended Complaint on April 5, 2004 (DE 9). On May 20, 2005 Defendant Presidion Solutions, Inc. filed a motion for Summary Judgment as to Plaintiffs' Amended Complaint (DE 189). However, the Plaintiffs' filed a Second Amended Complaint on July 8, 2005 (DE 223) in which the Plaintiffs added an additional claim against Defendant Presidion Solutions, Inc. for breach of contract. Consequently, on August 5, 2005 Defendant Presidion Solutions, Inc. filed a Motion to Dismiss or in the Alternative Motion for Summary Judgment on Count IV of Plaintiffs' Second Amended Complaint. (DE 254). The Plaintiffs subsequently filed a Response on August 19, 2005 (DE 268). Then on August 29, 2005 Defendant Presidion Solutions, Inc filed its Reply (DE 286). Thus, Defendant Presidion Solutions, Inc's Motion to Dismiss or in the Alternative Motion for Summary Judgment on Count IV of Plaintiffs' Second Amended Complaint has been fully briefed and is ripe for adjudication. The Court having carefully considered the case file and being duly advised, finds summary judgment as to Count IV of the Plaintiffs' Second Amended Complaint to be appropriate in this case.

## III. *Legal Standard*

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." According to the U.S. Supreme Court, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an ele-

ment essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Further, Rule 56(c) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324, 106 S.Ct. 2548. Thus, the nonmoving party " 'may not rest upon the mere allegations or denials of his pleadings, but … must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). *See also, Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) stating "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts."

## IV. *Factual Background*

The Plaintiffs were employed as servers by the Boce Group, L.C. d/b/a the Nexxt Cafe, a popular restaurant in Miami Beach, Florida. Compl. at ¶¶ 6, 15. As part of their job duties the Plaintiffs were required to wait on customers, take food and beverage orders, deliver food to tables, place orders with the kitchen staff, bill customers for food and beverage orders, and collect money from customers. *Id.* On March 23, 2004 the Plaintiffs filed the instant action against the Defendants alleging violations of the FLSA and breach of contract. Specifically, the Plaintiffs assert a claim against Defendant Presidion Solutions, Inc. for breach of contract, based upon a third-party beneficiary theory of liability. *Id.* at ¶¶ 29–36. In their Second Amended Complaint the Plaintiffs

allege that Defendant Presidion Solutions, Inc. breached the Subscribers Services Agreement[1] ("SSA") between Defendant Presidion Solutions, Inc. and Boce Group, L.C.. According to Plaintiffs, pursuant to Florida Statute § 468.525(4)(b) and the terms of the SSA Presidion Solutions, Inc. "assumed, guaranteed, and [became] liable for all unpaid wages to which Plaintiffs, and those similarly situated to Plaintiffs, are entitled." *Id.* at 33.

## V. *Analysis*

Under Rule 56, "[t]he moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial... [o]nly when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991). Thus, the analysis in this matter must commence with an evaluation of Defendant Presidion Solutions Inc.'s Motion for Summary Judgment. However, it should be duly noted that in attempting to meet this burden "it is sufficient [for the moving party] to point to materials on file that demonstrate that the party bearing the burden of proof at trial will not be able to meet that burden." *Id.* at 608.

To establish a claim for breach of a third-party beneficiary contract the Plaintiff must show the following: 1) a contract between A and B; 2) the clear or manifest intent of A and B that the contract primarily and directly benefit the third party (or class of persons to which that party belongs); 3) breach of the contract by either A or B; and 4) damages to the third party resulting from the breach. *Jenne v. Church & Tower, Inc.*, 814 So.2d 522, 524 (Fla.Dist.Ct.App.2002). *See also, Biscayne Investment Group, Ltd. v. Guarantee Management Services*, 903 So.2d 251, 254 (Fla. 3d DCA 2005). In their Summary Judgment Motion Defendant Presidion Solutions, Inc makes the following arguments: 1) Plaintiffs are not intended third party beneficiaries under the SSA; 2) the Plaintiffs cannot establish a breach of the SSA; 3) the Plaintiffs can not establish damages as a result of a breach of the SSA; and 4) the Plaintiffs' construction of the SSA is contrary to the Purpose of Florida's PEO Statute and public policy. For purposes of this Order this Court need only address the issue of whether Defendant Presidion Solutions, Inc. breached the SSA because without a breach there is no claim for breach of contract.

## A. *Defendant's evidence concerning breach of the SSA*

■ Defendant Presidion Solutions, Inc. argues that their obligation to pay wages under the SSA was limited to paying wages as they were reported to Presidion Solutions, Inc. by the Nexxt Cafe. Further, Defendant Presidion Solutions, Inc. argues that they did in fact pay wages as they were reported by the Nexxt Cafe and therefore they did not breach the SSA. To support these contentions Defendant Pre-

1. The Subscriber Services Agreement ("SSA") is an agreement between Defendant Boce Group, L.C. and Sunshine Companies, Inc ("SCI") which was entered into on August 1, 2001. Def. Mot. For Summary Judgment at ¶¶ 1, 4. SCI is a professional employer organization ("PEO") which was acquired by Defendant Presidion Solutions, Inc. *Id.* Pursuant to the SSA, SCI agreed to provide various administrative services to Boce Group, L.C. including the processing of payroll, administration and payment of workers' compensation premiums, and the payment of wages. Exh. A. For purposes of this Order this Court will assume that Defendant Presidion Solutions, Inc. is the proper Defendant in this action. However, the Court recognizes that Defendant Presidion Solutions, Inc. vehemently contests this contention.

sidion Solutions, Inc directs this Court to examine the following record evidence: 1) the SSA; 2) the deposition testimony of David Dibble; and 3). the deposition testimony of Nur Ozuyilmaz.

### i. *Terms of the SSA*

According to Defendant Presidion Solutions, Inc. the SSA clearly establishes that their duty (with respect to the payment of wages) under the Agreement was limited to the payment of wages as they were reported by the Nexxt Cafe. Specifically, Defendant Presidion Solutions, Inc. relies upon the following SSA provisions to support this contention: 1) § IV.A; 2) § V.C; 3) § V.D.1; 4) § V.D.4; § VI.E; and 5) § VI.H.

### § IV.A

In relevant part § IV.A of the SSA states "subscribers shall verify the time submissions of the employees of SCI and shall promptly advise SCI of any errors, miscommunication, or improper or erroneous billing." Exh. A. Thus, this section establishes that Subscribers bear the burden of verifying time submissions of SCI employees and are required to advise SCI of any errors or improper billing under the SSA.

### § V.C

Section V.C states "SCI's responsibility and liability is specifically limited and conditioned upon the information received from the Subscriber, timeliness of the information and Subscriber's compliance with its payment obligations under this agreement." Exh. A. Thus, this section serves as an explicit limitation of liability for SCI.

### § V.D.1

Section V.D.1 states "SCI agrees to provide the following services to Subscriber and the SCI employees under the supervision of Subscriber...[t]imely payment of wages through SCI payroll as reported by Subscriber." Exh. A. Thus, through this section SCI obligates itself to make timely payment of wages through SCI payroll *as reported by the Subscriber* (Defendant Boce Group, L.C.).

### § V.D.4

Section V.D.4 states "SCI agrees to provide the following services to Subscriber and the SCI employees under the supervision of Subscriber...[c]ompletion and maintenance of all payroll and benefit records, with the exception of the records of actual hours worked by the leased employees, which shall be maintained and verified by the subscriber." Exh. A. Thus, this section explicitly limits SCI's responsibility for completion, maintenance, and verification of records of actual hours worked by leased employees and shifts that burden to the Subscriber.

### § VI.E

Section VI.E states "Subscriber agrees to maintain and verify the accuracy of time cards for reporting wages and salaries of contract employees to SCI." Exh. A. Thus, this section places the burden for the maintenance and verification of the accuracy of time cards (for SCI contract employees) on the Subscriber.

### § VI.H

Section VI.H states "Subscriber agrees to release, defend, indemnify and hold SCI harmless from any and all wrongful or negligent acts committed by Subscriber or any leased employee under the Subscriber's supervision and control, including violations of any Federal, State or local statutes...[t]his includes the proper payment of wages as well as all laws that govern the treatment, opportunities and welfare of the employees." Exh. A. Thus, through this section the Subscribers assumes liability

(and releases SCI from liability) for the proper payment of wages in accordance with Federal and State law.

The SSA sections outlined above establish that SCI (and thereby Defendant Presidion Solutions, Inc.) was only obligated to pay the Plaintiffs wages as they were reported to SCI by the Subscriber (Defendant Boce Group, L.C.). Further, the sections establish that the burden to maintain records of the actual hours that employees worked and to verify the accuracy of those records was on the Subscriber (Defendant Boce Group, L.C.).

### ii. *Testimony of David Dibble*

David Dibble's testimony serves as further evidence that the SSA only obligated Defendant Presidion Solutions, Inc. to process payroll *based upon what the client reported* to Defendant Presidion Solutions, Inc. The following is an excerpt of Mr. Dibble's testimony in that regard (Exh. C at 17–18):

Q: Presidion Solutions isn't in any way responsible for making sure that the data that it gets from the Nexxt Cafe is accurate?

David Dibble: No. That is put back on the client. That is part of our contract.

Q: If the company, the Nexxt Cafe, is providing you with inaccurate information on its payroll, you would go ahead and process that information even though it is inaccurate?

Mr. Deblasio: Object to the form.

David Dibble: You would have to define that a little bit more. Our software applications are geared to catch people that violate minimum wage, violate overtime. Based on the information that is supplied to us, if the client withholds information from us we have no way of knowing they withheld that information, whether it be wages earned, cash payments, whatever it happens to be. You are not supposed to do that, according to our agreement, and your records have to be accurate. Basically, what our agreement says is, we are—by the information you give us, we are going to generate paychecks and a payroll report, based on that information you give us.

### iii. *Testimony of Nur Oztryilmaz*

In addition, the deposition testimony of Nur Ozuyilmaz lends credence to the Defendant's contention that Presidion Solutions, Inc. did not fail to pay wages as they were reported to Presidion Solutions, Inc. by Defendant Boce Group, L.C. Below is an excerpt of Nur Ozuyilmaz's testimony in that regard:

Q: Was there ever a time that Presidion failed to pay the payroll of your employees as you reported it?

Nur Ozuyilmaz: I don't think so. I don't remember.

Thus, this testimony serves as evidence to show that the principal person responsible for the Nexxt Cafe's payroll administration, and one of the owners of the Nexxt Cafe (Nur Ozuyilmaz) did not think or at least did not recall Defendant Presidion Solutions, Inc. ever failing to pay the payroll as it was reported to Defendant Presidion Solutions, Inc. by the Nexxt Cafe.

After examining the above record evidence it is this Court's conclusion that Defendant Presidion Solutions, Inc. has met its initial burden of production for purposes of summary judgment. Thus, the burden must now shift to the Plaintiffs to demonstrate the existence of a genuine dispute.

Pursuant to Rule 56(e) Fed.R.Civ.P. "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse

party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a germine issue for trial." *See Matsushita Electric Indus. Co., Ltd.,* 475 U.S. at 587, 106 S.Ct. 1348 stating "[i]n the language of the Rule, the nonmoving party must come forward with 'specific facts showing that there is a *genuine issue for Irial.*'" Thus, in order to avoid summary judgment in the present action the Plaintiffs must set forth specific facts to support its claim for breach of contract.

### B. *Plaintiffs' evidence*

In their Opposition brief the Plaintiffs rely upon Florida Statute § 468.525(4)(b) and § V.D.5 of the SSA to establish that Defendant Presidion Solutions, Inc. was obligated to guarantee that the Plaintiffs received their "proper wages." Opposition Brief at 4. Florida Statute § 468.525(4)(b) states: "[t]he employee leasing company's contractual arrangements with its client shall satisfy the following conditions, whereby the leasing company...assumes responsibility for the payment of wages to the leased employees without regard to payments by the client to the leasing company." FL. STAT. § 468.525(4)(b). Thus, Section 468.525(4)(b) requires employee leasing company's to include a provision within their SSA's which obligates them to pay wages to the leased employees regardless of whether the employee leasing company has received payment from the Subscriber. Further, § V.D.5 of the SSA is the provision of the SSA that implements Florida Statute § 468.525(4)(b)'s requirements. Specifically, SSA § V.D.5 states "SCI agrees to provide the following services to Subscriber and the SCI employees under the supervision of Subscriber ... SCI assumes responsibility for the payment of wages to the leased employees, without regard to payments by the Subscriber to the leasing company."

Again, the Plaintiffs argue that Florida Statute § 468.525(4)(b) and SSA § V.D.5 obligates Defendant Presidion Solutions, Inc. to ensure that the Plaintiffs received their proper wages. However, this argument fails because: 1) the Plaintiffs' interpretation of SSA § V.D.5 is inconsistent with the SSA when it is read as a whole; and 2) the plain language of Florida Statute § 468.525(4)(b) does not support the Plaintiffs' Interpretation.

#### i. *SSA § V.D.5*

The Plaintiffs argue that this Court should construe § V.D.5 of the SSA as imposing an obligation upon Defendant Presidion Solutions, Inc to ensure that the Plaintiffs are paid their "proper wages." However, this Court cannot construe § V.D.5 of the SSA in the manner that Plaintiffs requests because to do so would be to negate several provisions of the contract including §§ IV.A, V.C, V.D.1, V.D.4, VI.E, and VI.H. *See Kipp v. Kipp,* 844 So.2d 691, 693 (Fla. 4th DCA 2003) stating "[w]here the contract is susceptible to an interpretation that gives effect to all of its provisions, the court should select that interpretation over an alternative interpretation that relies on negation of some of the contractual provisions" *(citations omitted).* *See also, Publix Super Markets, Inc. v. Wilder Corp. of Delaware,* 876 So.2d 652, 654 (Fla. 2d DCA 2004) stating [c]ourts must 'construe contracts in such a way as to give reasonable meaning to all provisions,' rather than leaving part of the contract useless."

Again, § V.D.5 of the SSA states "SCI agrees to provide the following services to Subscriber and the SCI employees under the supervision of Subscriber...SCI assumes responsibility for the payment of wages to the leased employees, without regard to payments by the Subscriber to the leasing company." However, the SSA places the burden to maintain records of

actual hours worked, to verify those records, and to accurately report those hours to SCI on the Subscriber (Boce Group, L.C. d/b/a Nexxt Cafe). *See* Exh. A. Further, the SSA conditions SCT's obligation to pay wages upon the Subscriber's report of those wages. *See id.* Through their singular reliance upon § V.D.5 the Plaintiffs ask this Court to ignore or negate the rest of the provisions of the SSA. However, the Court is in no position to do so. *See Publix Super Markets,* 876 So.2d at 654. As such this Court cannot and will not accept the Plaintiffs' interpretation of § V.D.5. Therefore, it is this Court's conclusion that when read in light of the entirety of the contract § V.D.5 required Defendant Presidion Solutions, Inc. to pay the Plaintiffs their wages without regard to whether they were compensated by the Subscriber, however, Defendant Presidion Solutions, Inc. was only obligated to pay the Plaintiffs the wages that the Subscriber (Defendant Boce Group, L.C.) reported to Defendant Presidion Solutions, Inc. Thus, Defendant Presidion Solutions, Inc fulfilled its obligation under § V.D.5 where it paid the Plaintiffs their wages (in accordance with the time and wage reports that Defendant Boce Group, L.C. reported to Defendant Presidion Solutions, Inc.). Further, given that the Plaintiffs have not presented this Court with any evidence indicating that Defendant Presidion Solutions, Inc. did not pay the Plaintiff their wages in accordance with the time and wage reports which Defendant Boce Group, L.C. reported to Defendant Presidion Solutions, Inc. this Court must find that Defendant Presidion Solutions, Inc. did not breach its obligations under § V.D.5.

### ii. *Florida Statute § 468.525(4)(b)*

The Plaintiffs have not presented this Court with any case law (or other authority) to support its position that Florida Statute § 468.525(4)(b) requires employee leasing companies to serve as guarantors

or to ensure that leased employees receive their proper wages. *See* Plaintiffs' Opposition Brief. Further, through its own independent research this Court has not been able to find any case law or other authority supporting this position. As a result this Court must rely upon its own interpretation of Florida Statute § 468.525(4)(b) to guide its analysis in this matter.

■ "When a statute is clear, courts will not look behind the statute's plain language for legislative intent or resort to rules of statutory construction to ascertain intent...[i]nstead, the statute's plain and ordinary meaning must control, unless this leads to an unreasonable result or a result clearly contrary to legislative intent." *State of Florida v. Burris,* 875 So.2d 408, 410 (Fla.2004). *See, Lee County Elec. Coop., Inc. v. Jacobs,* 820 So.2d 297, 303 (Fla.2002). After reviewing the provisions of Florida Statute § 468.520 *et seq.* it is this Court's conclusion that the Statute is clear and unambiguous. Therefore, the plain and ordinary meaning of the Statute must control this Court's analysis. Again the provision in question states: "[t]he employee leasing company's contractual arrangements with its client shall satisfy the following conditions, whereby the leasing company...assumes responsibility for the payment of wages to the leased employees without regard to payments by the client to the leasing company." FL. STAT. § 468.525(4)(b). Upon review of this provision it is this Court's conclusion that this provision requires employee leasing companies to pay wages to leased employees without regard to whether the Subscriber has compensated the employee leasing company. Further, this Court concludes that the plain language of this Statute does *not* explicitly or implicitly require the employee leasing company to serve as a guarantor nor does this provision bestow upon Defendant Presidion Solutions, Inc. the ob-

 

ligation to independently investigate and verify that its client subscribers are in fact reporting hours accurately.

Florida Statute § 468.525(4)(b) does *not* require employee leasing companies to: 1) maintain accurate time and wage records; 2) to verify the accuracy of time and wage reports that Subscribers maintain; 3) to verify the accuracy of the wage reports that Subscribers rely upon for payroll purposes; *or 4) to serve as a guarantor for their Subscribers. See* FLA. STAT. § 468.525(4)(B). Further, § 468.525(4)(b) does not in any way inhibit employee leasing companies from incorporating provisions into their SSAs which dictate that they will pay wages *pursuant to the wage reports they receive from their Subscribers. See id.* Thus, this section does not prevent an employee leasing company from placing the burden on a Subscriber to maintain and verify the accuracy of wage reports and then pay leased employees pursuant to those wage reports. Again, § 468.525(4)(b) only requires that the employee leasing company pay the leased employees their wages without regard to whether the Subscriber has paid the employee leasing company. Therefore, it is this Court's conclusion that when read in light of the SSA at issue in this matter § 468.525(4)(b) simply requires Defendant Presidion Solutions, Inc. to pay their leased employees their wages pursuant to the wage reports supplied by Defendant Boce Group, L.C. without regard to whether the Defendant Boce Group, L.C. has properly compensated Defendant Presidion Solutions, Inc.

This Court's interpretation of § 468.525(4)(b) is not inconsistent with the Statute [2] as a whole nor does it lead to an unreasonable result. Further, it is this Court's view that if the Florida Legislature intended for employee leasing compa-

nies to serve as guarantors or to independently investigate and verify that its client subscribers are in fact reporting hours accurately then this Statute would include a provision by which the legislature explicitly mandated such an arrangement. However, in the absence of such a provision and given the clear language of the Statute this Court is unwilling to create such a mandate as it is beyond the realm of the judiciary. Therefore, this Court concludes that § 468.525(4)(b) does not require Defendant Presidion Solutions, Inc. to serve as guarantors or to ensure that leased employees are paid pursuant to accurate wage reports.

## VI. *Conclusion*

The Plaintiffs have failed to present sufficient evidence to establish that Defendant Presidion Solutions, Inc breached the terms of the SSA. Consequently, the Plaintiffs have failed to make a "showing sufficient to establish the existence of an element essential" to its claim for breach of contract. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Therefore, *it is*

ORDERED AND ADJUDGED that Defendant Presidion Solutions, Inc's Motion to Dismiss or in the Alternative Motion for Summary Judgment is hereby GRANTED.

---

**2.** The purpose behind Florida Statute § 468.520 *et seq.* is to "regulate the practice of employee leasing in [Florida]." FLA. STAT. § 468.520.