WALLACE, Judge.
USAmeriBank (the Bank) appeals the circuit court’s order blocking its attempt to collect a money judgment against Richard Nelson Klepal, Jr., by garnishing his wages. The issue presented is whether Mr. Klepal, who is currently the head of a family, agreed in writing to the garnishment of his disposable earnings. Because the promissory note that was the basis for the Bank’s judgment against Mr. Klepal included an agreement for the garnishment of his disposable earnings in accordance with section 222.11, Florida Statutes (2007), we reverse the circuit court’s order.
I. THE FACTUAL AND PROCEDURAL BACKGROUND
On December 12, 2007, Mr. Klepal borrowed $43,800 from the Bank. After Mr. Klepal defaulted on the note, the Bank obtained a judgment against him for unpaid principal, interest, costs, and attorney’s fees. The amount of the Bank’s judgment is $51,712.04.
The promissory note signed by Mr. Klepal to memorialize the terms of the parties’ agreement concerning the loan included the following paragraph pertaining to the subject of garnishment: “I consent to the issuance of a continuing writ of garnishment or attachment against my disposable earnings, in accordance with Section 222.11, Florida Statutes, in order to satisfy, in whole or in part, any money judgment entered in favor of [the Bank].” The promissory note also included the following statement — capitalized and in bold print — directly above Mr. Klepal’s signature: “Prior to signing this note, I read and understood all the provisions of this note. I agree to the terms of the note. I acknowledge receipt of a completed copy of this promissory note.”
After the entry of the final judgment, the Bank filed a motion for a continuing writ of garnishment against salary or wages. The writ was issued and served on Mr. Klepal’s employer. The employer served an answer to the writ acknowledging Mr. Klepal’s employment and stating his pay period and annual rate of pay. Mr. Klepal moved to dissolve the writ of garnishment on the ground that his wages were exempt from garnishment because he was the head of a family. Mr. Klepal supported his motion with an appropriate affidavit concerning his claim of exemption. The Bank timely filed an affidavit in *58 opposition to Mr. Klepal’s motion to dissolve the writ of garnishment. In its opposition to Mr. Klepal’s motion to dissolve the writ, the Bank did not contest Mr. Klepal’s status as the head of a family. Instead, the Bank relied on the garnishment paragraph in the promissory note.
II. THE CIRCUIT COURT’S RULING
The circuit court conducted a hearing on Mr. Klepal’s motion to dissolve the writ of garnishment. At the hearing, the circuit court ruled that it would not “dissolve the garnishment because the writ of garnishment was issued properly.” However, the circuit court also ruled that the garnishment paragraph in the promissory note was not sufficient as “a waiver of a head-of-household exemption”[1] from wage garnishment. In a written order, the circuit court denied the motion to dissolve the writ of garnishment but also ruled that the garnishment paragraph
does not constitute an explicit waiver by Mr. Klepal of Mr. Klepal’s statutory right to claim a head of household [sic] exemption from having his disposable earnings garnished and accordingly said wages are not subject to garnishment under the continuing Writ of Garnishment against [Mr. Klepal’s] salary and wages.
Therefore, although the circuit court denied the motion to dissolve the writ of garnishment, the remainder of the circuit court’s ruling effectively blocked the Bank from proceeding with the garnishment of Mr. Klepal’s wages.[2]
III. THE STANDARD OF REVIEW
The issue presented concerns the circuit court’s interpretation of the promissory note. Thus our review is de novo. See Gibney v. Pillifant, 32 So.3d 784, 785 (Fla. 2d DCA 2010); Angell v. Don Jones Ins. Agency Inc., 620 So.2d 1012, 1014 (Fla. 2d DCA 1993).
IV. THE PARTIES’ ARGUMENTS
The Bank contends that the only logical construction of the garnishment paragraph is “that [Mr. Klepal] consented, in accordance with § 222.11, Fla. Stat. (2007)[,] to the issuance of a continuing writ of garnishment or attachment against his disposable earnings to satisfy in whole or in part any money judgment obtained by [the Bank].” In response, Mr. Klepal makes three interrelated points. First, he consented only to the “issuance” of a writ of garnishment, nothing more. The “‘issuance’ of a writ of garnishment is a discrete act that is only the beginning of contested garnishment proceedings.” The waiver of the head-of-family exemption is a separate issue, and the garnishment paragraph does not speak to that. Second, the garnishment paragraph is ambiguous. Because the Bank drafted the note, any ambiguity in its provisions must be construed against the Bank. Third, the garnishment paragraph “was patently inadequate to establish an intentional or voluntary relinquishment of’ the head-of-family exemption from wage garnishment.
V. DISCUSSION
Section 222.11 addresses the issue of the exemption of wages from attachment or *59 garnishment. The 2007 version of the statute provides, in pertinent part:
(1) As used in this section, the term:
(a) “Earnings” includes compensation paid or payable, in money of a sum certain, for personal services or labor whether denominated as wages, salary, commission, or bonus.
(b) “Disposable earnings” means that part of the earnings of any head of family remaining after the deduction from those earnings of any amounts required by law to be withheld.
(c) “Head of family” includes any natural person who is providing more than one-half of the support for a child or other dependent.
(2)(a) All of the disposable earnings of a head of family whose disposable earnings are less than or equal to $500 a week are exempt from attachment or garnishment.
(b) Disposable earnings of a head of a family, which are greater than $500 a week, may not be attached or garnished unless such person has agreed otherwise in writing. In no event shall the amount attached or garnished exceed the amount allowed under the Consumer Credit Protection Act, 15 U.S.C. s. 1673.
(c) Disposable earnings of a person other than a head of family may not be attached or garnished in excess of the amount allowed under the Consumer Credit Protection Act, 15 U.S.C. s. 1673.
The statute makes the disposable earnings of a head of a family exempt from attachment or garnishment absent a written agreement to the contrary. Under section 222.11(2)(a), all of the disposable earnings of a head of a family less than or equal to $500 a week are exempt from attachment or garnishment. No waiver of the exemption by a head of family is permitted for disposable earnings up to and including the amount of $500. In accordance with section 222.11(2)(b), the disposable earnings of a head of a family which are greater than $500 a week are also exempt from attachment or garnishment “unless a written agreement allowing garnishment is executed” by the head of the family. Williams v. Espirito Santo Bank of Fla., 656 So.2d 212, 213 (Fla. 3d DCA 1995) (construing the 1993 version of the statute). Even if the head of a family has agreed in writing to the attachment or garnishment of his or her wages, the amount to be attached or garnished may not “exceed the amount allowed under the Consumer Credit Protection Act, 15 U.S.C. s. 1673.” § 221.11(2)(b).
In this case, our inquiry concerns whether the garnishment paragraph in the promissory note is sufficient to satisfy the statutory requirement of a written agreement to waive the exemption for the disposable earnings of a head of a family to the extent that the disposable earnings exceed $500 a week. We begin by noting that section 222.11(2)(b) does not prescribe any particular language to effect a waiver of the wage exemption. The only statutory requirement for a waiver of the exemption is that the agreement be in writing.[3] Unquestionably, the promissory note satisfies the requirement of a writing. Thus we turn to an examination of the language of the garnishment paragraph in the promissory note.
*60 The interpretation of the garnishment paragraph urged by Mr. Klepal — -which the circuit court adopted — reads the paragraph’s language as limited to an agreement for the “discrete act” of the issuance of a writ of attachment or garnishment. In this view, the continuing writ of garnishment — once issued — is unenforceable because the balance of the garnishment provision is ineffective as a waiver of the exemption. Of course, the only function of the continuing writ of garnishment is to capture a portion of a debtor’s disposable earnings to apply them to the payment of the judgment. Thus Mr. Klepal’s interpretation of the garnishment paragraph turns the issuance of the continuing writ of garnishment into a futile exercise.
We disagree with this narrow interpretation of the garnishment paragraph for two reasons. First, the narrow reading of the garnishment paragraph focuses on the single phrase concerning “consent to the issuance of a continuing writ of garnishment” to the exclusion of the remainder of the paragraph. In construing the garnishment paragraph, we must determine the intention of the parties “from an examination of the entire contract and not from separate phrases or paragraphs.” Moore v. State Farm Mut. Auto. Ins. Co., 916 So.2d 871, 875 (Fla. 2d DCA 2005).
The garnishment paragraph provides for substantially more than the mere issuance of a writ of garnishment. In addition, it references section 222.11, the statute that not only establishes the exemption but also authorizes a partial waiver of its benefits. Furthermore, the garnishment paragraph expressly recites that the purpose of the issuance of the writ of garnishment is “to satisfy, in whole or in part, any money judgment entered in favor of [the Bank].” Thus the parties’ intent — as expressed in their written agreement — was not only that the continuing writ of garnishment would issue but also that the Bank could enforce it against Mr. Klepal’s disposable earnings to the extent allowable under the statute to satisfy any judgment that the Bank might obtain against Mr. Klepal. An exclusive focus on the first portion of the garnishment paragraph relating to the issuance of the writ reads the remaining language out of the paragraph, thereby frustrating its obvious purpose.
Second, once the Bank obtained a judgment upon a default on the note, it had a statutory right to the issuance of a continuing writ of garnishment. §§ 77.01, 77.0805, Fla. Stat. (2010).[4] If the garnishment paragraph authorizes only the issuance of a writ of garnishment and nothing more, then the paragraph does not give the Bank any right it did not already have by statute. “Courts must ‘construe contracts in such a way as to give reasonable meaning to all provisions,’ rather than leaving part of the contract useless.” Publix Super Mkts., Inc. v. Wilder Corp. of Del., 876 So.2d 652, 654 (Fla. 2d DCA 2004) (quoting Hardwick Props., Inc. v. Newbern, 711 So.2d 35, 40 (Fla. 1st DCA 1998)). The narrow interpretation of the garnishment paragraph urged by Mr. Klepal and adopted by the circuit court *61 renders the paragraph meaningless. The garnishment paragraph’s purpose is to increase the rights available to the Bank for the enforcement of a judgment in the event of a default. A proper interpretation of the garnishment paragraph avoids rendering it useless by construing it as including an agreement for the waiver of the exemption for wage garnishment for a head of family as authorized by section 222.11(2)0»).
VI. CONCLUSION
The parties’ intent — as expressed in their written agreement — was to authorize the garnishment of Mr. Klepal’s wages to the extent available under the statute. We conclude that the garnishment paragraph constituted a written agreement sufficient to authorize the garnishment of Mr. Klepal’s disposable earnings greater than $500 a week despite his status as the head of a family. The circuit court erred in ruling to the contrary. Accordingly, we reverse the circuit court’s order and remand this case to the circuit court for the entry of an appropriate order enforcing the continuing writ of garnishment in accordance -with section 222.11.
Reversed and remanded.
VILLANTI, J„ Concurs.
WHATLEY, J., Dissents with opinion.

. The applicable exemption inures to "a head of family,” not the "head of household.” See § 222.1 1(1)(c), (2)(a), (2)(b).

. We note that the circuit court's ruling is internally inconsistent. Upon a finding that Mr. Klepal's wages were exempt from garnishment, the appropriate disposition would be to dissolve the writ. § 77.07, Fla. Stat. (2010); see Malowney v. Fed. Collection Deposit Grp., 193 F.3d 1342, 1345 (11th Cir.1999); Reichenbach v. Chem. Bank of N.J., 623 So.2d 577, 578 (Fla. 3d DCA 1993).

. Effective October 1, 2010, the legislature amended section 222.11(2)(b) to add specific requirements for an effective waiver of the exemption by a head of family. The 2010 legislation also raised the amount of disposable earnings of a head of family not subject to a waiver of the exemption from $500 a week to $750 a week. Ch. 2010-97, §§ 1, 3, at 671-72, 674, Laws of Fla. Mr. Klepal does not argue that the 2010 legislation is applicable to this case.

. We rely on the version of the statutes pertaining to garnishment in effect when the Bank filed its motion for a continuing writ of garnishment against salary or wages. Garnishment is a remedial tool available to further an existing right; therefore, the rule against retrospective application of a statute does not apply. See Ziccardi v. Strother, 570 So.2d 1319, 1320-21 (Fla. 2d DCA 1990) (noting that “the general rule against retrospective operation of statutes” does not apply to remedial statutes (quoting City of Lakeland v. Catinella, 129 So.2d 133, 136 (Fla.1961))); Seaboard Sur. Co. v. Acme Wellpoint Corp., 156 So.2d 688, 689 (Fla. 2d DCA 1963) (noting that garnishment is a remedial tool created by statute).