[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 11, 2012
JOHN LEY
CLERK

No. 11-14377
Non-Argument Calendar

_____

D.C. Docket No. 1:10-cv-23477-KMM

BURGER KING CORPORATION,

Plaintiff
Counter Defendant
Appellee,

versus

BROAD STREET LICENSING GROUP, LLC,

Defendant
Counter Claimant
Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 11, 2012)

Before BARKETT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Broad Street Licensing Group, LLC appeals the district court's grant of Burger King Corporation's (BKC) motion to dismiss its breach of contract counterclaims.

On March 24, 2006, Broad Street entered into a Representation Agreement with BKC, in which Broad Street agreed to manage the licensing of BKC's intellectual property to third parties. Pursuant to the Agreement, Broad Street would select qualified licensees and negotiate license agreements to manufacture and sell products featuring BKC trademarks. In return, Broad Street would receive thirty percent of any gross royalty revenues "collected and paid" to BKC under such licensing agreements.

The dispute in this case centers on two provisions in the Representation Agreement. Paragraph 4(E) of the Agreement provides that "BKC's rejection of any Licensee proposal or License Agreement as set forth in this Agreement, does not give rise to any claim by [Broad Street] to any compensation that such proposed License Agreement may have produced for [Broad Street], whether under an estoppel or any other theory." Paragraph 4(G) of the Agreement further provides that "BKC agrees to use reasonable efforts to notify [Broad Street] prior to termination of a License Agreement . . . . Nothing herein shall give [Broad

2

Street] any approval rights with respect to any such termination by BKC."

Pursuant to the Agreement, Broad Street found a third party, Pierre Foods, to license BKC trademarks for frozen foods. Hundreds of hours of work culminated in the execution of a licensing agreement between Pierre Foods and BKC on July 7, 2010. On August 10, 2010, pursuant to this licensing agreement, Pierre Food delivered a check to BKC in the amount of $250,000 as an advance on royalties. On August 19, 2010, BKC repudiated the licensing agreement with Pierre Foods and returned the $250,000 check uncashed. On September 1, 2010, BKC sent Broad Street $75,000, which represented Broad Street's thirty percent commission on the $250,000 royalty advance.

Following a dispute over additional monies alleged to be owed to Broad Street under the Representation Agreement, BKC filed a complaint in district court seeking a declaratory judgment that Broad Street was not entitled to any further compensation. Broad Street responded with a counterclaim alleging that BKC had breached the Agreement by "unilaterally and wrongfully" repudiating the licensing agreement with Pierre Foods. On January 7, 2011, BKC filed a motion to dismiss Broad Street's breach of contract claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

A number of months later, the parties began discovery in preparation for

3

trial, having received no decision from the district court on the motion to dismiss. However, on June 28, 2011, the court granted BKC's motion to dismiss, finding that under the unambiguous terms of the Representation Agreement, BKC's termination of the licensing agreement with Pierre Foods was not a breach under paragraph 4(G). The court further ruled that paragraph 4(E) of the Agreement barred Broad Street from seeking any remedies following BKC's termination of a licensing agreement. On July 19, 2011, Broad Street filed a motion for reconsideration based on new facts that it had gathered during discovery. The District Court denied the motion for reconsideration, and Broad Street appealed.

We review an order granting a motion to dismiss de novo, taking as true the facts alleged in the complaint. James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008). "What a contract provision means, or whether it is ambiguous, are questions of law, which we review de novo." Reynolds v. Roberts, 202 F.3d 1303, 1313 (11th Cir. 2000). We review a district court's denial of a motion for reconsideration for abuse of discretion. Cliff v. Payco Gen. Am. Credits, Inc., 363 F.3d 1113, 1121 (11th Cir. 2004).

On appeal, Broad Street argues that the district court erred in granting the motion to dismiss, because paragraph 4(G) of the Representation Agreement does not expressly foreclose a remedy to Broad Street if BKC repudiates a fully

4

executed licensing agreement. Broad Street contends that paragraph 4(G) merely grants BKC authority to terminate licensing agreements, but is otherwise silent as to Broad Street's remedies in the event of such a termination. However, we conclude, as did the district court, that BKC's unilateral termination of the licensing agreement is not a breach of the express terms of the Representation Agreement. Paragraph 4(G) of the Representation Agreement clearly contemplates that BKC may terminate a licensing agreement, and it denies Broad Street "any approval rights with respect to any such termination." Broad Street contends that any reading of paragraph 4(G) that permits BKC to unilaterally terminate a licensing agreement would allow BKC "to enter into a License Agreement with a third party recruited exclusively through the efforts of Broad Street, breach [that agreement] by repudiating it at any time, and then deny Broad Street the revenues it would be entitled to." This concern overstates the implications of the district court's ruling. Although paragraph 4(G) permits BKC to terminate licensing agreements at any time, BKC would still be obligated under paragraph 5(A) of the Agreement to pay to Broad Street thirty percent of any royalties it earned on that licensing agreement up to the point of termination.

Broad Street also alleges that BKC's repudiation of the licensing agreement breached the implied duty of good faith and fair dealing under Florida law. Where

5

a contract vests a party with discretion, but provides no standards for exercising that discretion, Florida courts have held that the implied duty of good faith and fair dealing attaches as a gap-filling default rule.  Speedway SuperAmerica, LLC v. Tropic Enter., Inc., 966 So. 2d 1, 3 (Fla. Dist. Ct. App. 2009); Publix Super Markets, Inc. v. Wilder Corp. of Del., 876 So. 2d 652, 654–55 (Fla. Dist. Ct. App. 2004).  This standard imposes a duty upon the party vested with discretion to act in a commercially reasonable manner, or a manner that satisfies the reasonable expectations of the other party.  See, e.g., Publix Super Markets, 876, So. 2d at 655 (holding that exercise of discretion was reasonable based upon evidence of the commercial needs of the party vested with discretion); Cox v. CSX Intermodal, Inc., 732 So. 2d 1092, 1098 (Fla. Dist. Ct. App. 1999) (considering whether exercise of discretion would unreasonably deprive other party of meeting its "costs of operation").

We agree with Broad Street that paragraph 4(G) of the contract is governed by the implied duty of good faith and fair dealing.  This paragraph vests BKC with discretion to terminate any licensing agreement without Broad Street's approval. But, it contains no standards for BKC's exercise of that discretion.  See Cox, 732 So. 2d at 1098.  Further, Broad Street has alleged an expectation that compensation for its services would consist of, in part, a percentage of any

6

revenue collected and paid to BKC for any license agreement secured by Broad Street.

BKC argues in response that the implied duty of good faith and fair dealing "may not be imposed to override express terms in a contract." Burger King Corp. v. Weaver, 169 F.3d 1310, 1316 (11th Cir. 1999) (quotation marks and alterations omitted) (applying Florida law). While we agree with this generic statement of law, we do not believe that imposing a duty of good faith and fair dealing in this case would vary the terms of paragraph 4(G). As Florida courts have recognized, where a discretionary clause is "silent with regard to the methodology or standards to be used" in exercising that discretion, imposing a reasonableness standard of good faith and fair dealing does not vary any express contractual terms.[1] Cox, 732 So. 2d at 1098. Therefore, insofar as Broad Street alleges that BKC breached the implied duty of good faith and fair dealing, we hold that it has successfully stated a claim, notwithstanding BKC's rights under paragraph 4(G).

Turning finally to paragraph 4(E) of the Representation Agreement, this clause provides, "BKC's rejection of any Licensee proposal or License Agreement

---

[1] We note that paragraph 4(G) does not expressly vest BKC with absolute discretion to terminate a licensing agreement, so we cannot say that imposing good faith standards on how BKC exercises that discretion violates any express terms of the contract. Cf. Cox, 732 So. 2d at 1098 n.2 (noting that an express grant of absolute discretion in a contract might abrogate the implied duty of good faith and fair dealing).

. . . does not give rise to any claim by [Broad Street] to any compensation that such proposed License Agreement may have produced." The district court ruled that this clause unambiguously denied Broad Street any recourse to a claim for compensation that a licensing agreement might have produced, even if BKC terminated a fully executed licensing agreement. We agree. The Representation Agreement defines "License Agreement" to mean "a written and fully executed agreement." As Broad Street recognizes, the contract between BKC and Pierre Foods was a "fully executed agreement." Given that paragraph 4(E) clearly refers to "any . . . License Agreement," we conclude that the clause unambiguously bars any claims that Broad Street has relating to BKC's termination of the licensing agreement with Pierre Foods, including its claim for breach of good faith and fair dealing.[2]

In light of the unambiguous language of paragraph 4(E), we also hold that the district court did not abuse its discretion by denying Broad Street's motion for reconsideration. The extrinsic evidence produced during discovery would not have affected the clear language of paragraph 4(E), and was therefore irrelevant.

---

[2] As noted above, the implied duty of good faith and fair dealing "may not be imposed to override express terms in a contract." Burger King Corp., 169 F.3d at 1316 (quotation marks and alterations omitted). To allow Broad Street's claim for breach of good faith and fair dealing to proceed would undermine the express terms of paragraph 4(E), which bars any claim by Broad Street relating to BKC's rejection of a fully executed licensing agreement.

See <u>Corwin v. Walt Disney Co.</u>, 475 F.3d 1239, 1248 (11th Cir. 2007); <u>United Benefit Life Ins. v. U.S. Life Ins. Co.</u>, 36 F.3d 1063, 1065 (11th Cir. 1994).

For the reasons stated above, we AFFIRM the district court's order dismissing Broad Street's counterclaims.