ORDER ON APPELLANT’S SECOND MOTION TO RELINQUISH JURISDICTION
SHEPHERD, C.J.
Appellant’s Second Motion to Relinquish Jurisdiction to Address Issues Related to Orders on Appeal is denied.
Upon review, it is apparent to this Court that the trial court, by entering its order dated November 19, 2018, exceeded the express purpose of the relinquishment authorized by this Court’s October 29, 2013, order, which granted Appellee’s (Turnber-ry Isle South Condominium Association, Inc.) Motion for Temporary Relinquishment of Jurisdiction made “solely for the purpose of allowing the trial court to decide which [of two orders rendered on September 20, 2013,] it wishes to keep in effect and which one it wishes to vacate.” The trial court lacked jurisdiction to enter the November 19, 2013, order. See Fla. R.App. P. 9.600 (“If the jurisdiction of the lower tribunal has been divested by an appeal from a final order, the court by order may permit the lower tribunal to proceed with specifically stated matters during the pendency of the appeal.”) (emphasis added).
As a matter of precaution, Yampol appealed the November 19, 2013 order under this court’s case number 3D-3195. Because the trial court lacked jurisdiction to enter the November 19, 2013, order, we hereby quash this order. See Palma Sola Harbour Condo., Inc. v. Huber, 374 So.2d 1135, 1138 (Fla. 2d DCA 1979) (holding that a trial court order which exceeds the scope of the “specifically stated matters” authorized by District Court of Appeal for consideration on relinquishment is invalid); see generally Philip J. Padovano, Florida Appellate Practice 14 (2007-08 ed.2007).
We relinquish jurisdiction once again in case number 3D13-2667 “solely for the purpose of allowing the trial court to decide which [of the two orders rendered September 20, 2013,] it wishes to keep in effect and which one it wishes to vacate.” See Appellee, Turnberry Isle South Condominium Association, Inc.’s motion to relinquish served October 24, 2013, and this Court’s order granting same dated October 29, 2013. The period of this relinquishment shall expire twenty days from the date of this order. If the trial court has not, through written order by that date, designated which of the two orders rendered September 20, 2013, it wishes to keep in effect, this appeal shall proceed on both orders. In either case, the initial brief shall be filed twenty (20) days after either the expiration of the relinquishment period or the issuance of the written order, whichever occurs first. The answer brief shall be filed twenty (20) days after the filing of the initial brief.
The Court will not entertain any motions for extension of time for the filing of these briefs. This appeal will proceed henceforth under case number 3D13-2667 and the record, for purposes of this appeal, will be the record as it existed on September 20, 2013.
It is so ordered.