BILBREY, J.
These consolidated appeals are before us concerning an order from the trial court which denied a claim of exemption from garnishment sought by Appellant, George Hart, and the final judgment of garnishment entered following the denial of the claim of exemption. While we agree with Appellants that the final judgment must be reversed because the trial court was without jurisdiction to enter it, we do not agree that the trial court erred in denying a claim of exemption from garnishment.
In May 2005, Mr. Hart and Mrs. Hart, as well as several others, became guarantors of a loan. The Guaranty initially executed by Mr. Hart and other borrowers provided in pertinent part:
WAIVERS AND ACKNOWLEDGMENTS. Guarantor waives and releases the following rights, demands, and defenses Guarantor may have with respect to Bank ... and collection of the Guaranteed Obligations: ...
(k) the right to marshalling of Borrower’s assets or the benefit of any exemption claim by the Guarantor.
The Guaranty was ratified by Mr. Hart in May 2006 and again acknowledged by him in September 2007. Subsequently the loan went into default, and the lender, Appellee, later filed suit to collect on the personal guarantees. A final judgment in the amount of $10,031,220.25 was entered in October 2012 against the guarantors including the Appellants. The Appellee thereafter sought a continuing writ of garnishment of Mr. Hart’s wages with his employer Sbemco International, Inc. Mr. Hart, through counsel, timely filed a claim of exemption alleging he was the head of a family and therefore was exempt from garnishment pursuant to section 222.11, Florida Statutes. A hearing was conducted before the trial court, and on March 21, 2014, the trial court entered the order denying Mr. Hart’s claim of exemption and denying his request to dissolve the writ of garnishment. A timely appeal was taken of that order.
On May 14, 2014, this Court relinquished jurisdiction to the trial court “for the purpose of considering the appellants’ motion for reconsideration of the order denying George Hart’s claim of exemption from garnishment.” By a subsequent order this Court extended the relinquishment of jurisdiction until July 14, 2014, for the same limited purpose. On June 16, 2014, the trial court entered the final judgment of garnishment and also denied the motion for reconsideration.
The standard of review for an issue of statutory interpretation is de novo. State v. Burris, 875 So.2d 408 (Fla.2004). Section 222.11, Florida Statutes (2005), provides in pertinent part:
(2)(b) Disposable earnings of a head of a family, which are greater than $500 a week, may not be attached or garnished *246 unless such person has agreed otherwise in writing. In no event shall the amount attached or garnished exceed the amount allowed under the Consumer Credit Protection Act, 15 U.S.C. s. 1673.
(Bold added).
Appellants argue that the waiver language in the Guaranty is ambiguous. This argument is barred by the 2012 judgment in which it was stated, “[guarantors, through their banking expert Scott Gaby, admitted that the Unconditional Guaranty is a standard form guaranty and its provisions are not ambiguous” (bold added). Appellants did not appeal the prior final judgment, and they are now bound by it. See MCG Financial Servs., L.L.C. v. Technogroup, Inc., 149 So.3d 118 (Fla. 4th DCA 2014) (explaining litigants are not permitted to take inconsistent positions in judicial proceedings, and a party cannot allege one state of facts for one purpose and' at the same action or proceeding deny such allegations and set up a new and different state of facts inconsistent thereto for another purpose).[1]
Appellants also contend that the waiver in the Guaranty is not an agreement by Mr. Hart to garnishment as required by statute. We hold that Mr. Hart “agreed otherwise in writing” to garnishment as required by section 222.11, when he signed the Guaranty with the waiver language.[2] To construe the waiver in the Guaranty as not allowing the Appellee to seek garnishment is to construe the Guaranty in a manner which defeats its purpose. See Hardwick Props., Inc. v. Newbern, 711 So.2d 35, 40 (Fla. 1st DCA 1998) (holding that courts must “construe contracts in such a way as to give reasonable meaning to all provisions rather than leaving part of the contract useless”); Publix Super Mkts., Inc. v. Wilder Corp. of Del., 876 So.2d 652 (Fla. 2d DCA 2004). As the court in USAmeribank v. Klepal, 100 So.3d 56, 60-1 (Fla. 2d DCA 2011) stated, “section 222.11(2)(b) does not prescribe any particular language to effect a waiver of the wage exemption.” Id. at 59. Here, the waiver signed by Mr. Hart in the Guaranty was sufficient to effect a waiver. Thus, by waiving any exemptions, Mr. Hart waived his head of family exemption and thereby consented to garnishment.
Williams v. Espirito Santo Bank, 656 So.2d 212 (Fla. 3d DCA 1995), does not compel a different result. In that case, the court briefly described section 222.11(2)(b), Florida Statutes (1993), as providing “that the head of a family is exempt from garnishment of disposable earnings, unless a written agreement allowing garnishment is executed.” Id. at 213. The Williams court was simply paraphrasing the statute and was not holding, as a matter of law, that a written waiver must specifically consent to garnishment.
*247 As to the final judgment, its entry exceeded the limited purpose for which this Court relinquished jurisdiction to the trial court. When a trial court, following relinquishment of jurisdiction by an appellate court, exceeds the scope of the “specifically stated matters” authorized by the appellate court for consideration on relinquishment, the trial court acts without jurisdiction, and thus, any order is invalid. Yampol v. Turnberry Isle South Condo. Ass’n, Inc., 137 So.3d 1124 (Fla. 3d DCA 2014) (quoting Palma Sola Harbour Condo., Inc. v. Huber, 374 So.2d 1135, 1138 (Fla. 2d DCA 1979)). Furthermore, rule 9.130(f), Florida Rules of Appellate Procedure, specifically precludes entry of a final order disposing of a cause while a non-final order is before the appellate court on review.
Based on the above, the order denying Mr. Hart’s claim of exemption from garnishment as head of household is AFFIRMED. The final judgment of garnishment is REVERSED and REMANDED for the trial court to enter a final judgment consistent with the affirmance of the trial court’s denial of Mr. Hart’s claim of exemption.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
PADOVANO and WETHERELL, JJ„ concur.

. Appellee has not argued that, given the pri- or judgment, Appellants are barred from asserting that the Guaranty was ambiguous, but such an argument can be considered by this Court in order to affirm the order denying exemption pursuant to the “tipsy coachman” rule. See Dade Cnty. Sch. Bd. v. Radio Station WQBA, 731 So.2d 638, 644 (Fla.1999).

. Appellants argue that the 2013 version of section 222.11 containing the 2010 amendments is the statute which should have been applied by the trial court to the waiver issue. Those 2010 amendments include a much more explicit requirement for a waiver of a head of family exemption, including a requirement that the waiver be in a separate document and contain specific language set in 14 point type. We find that the version of the statute in effect when the Guaranty was entered is applicable here. To hold otherwise would allow the 2010 amendments to be an unlawful impairment of contracts in violation of Article I, Section 10, of the Florida Constitution. We do not read the decision in USAmeriBank v. Klepal, 100 So.3d 56 (Fla. 2d DCA 2011), as requiring otherwise.